Craig K. Perry
Nevada Bar No. 3786
CRAIG K. PERRY & ASSOCIATES
2300 W. Sahara Ave., Suite 800
Las Vegas, Nevada 89102
(702) 228-4777
cperry@craigperry.com

Chris R. Miltenberger, Esquire
The Law Office of Chris R. Miltenberger, PLLC
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
(817) 416-5060
chris@crmlawpractice.com
*Subject to Pro Hac Vice*

Eric H. Weitz, Esquire
Max S. Morgan, Esquire
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
(267) 587-6240
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com
*Subject to Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| STEPHAN CAMPBELL, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br>v.<br><br>EVERYTHING BREAKS, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT - CLASS ACTION**<br><br>**JURY DEMAND** |

## **INTRODUCTION**

1.  This action arises out of the relentless marketing practices of Defendant, Everything Breaks, Inc. ("Everything Breaks" or "Defendant") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. Everything Breaks makes, or has made on its behalf, aggressive telemarketing calls soliciting its auto warranty products and services.

3. These calls are made to individuals on the National Do-Not-Call Registry.

4. Everything Breaks continues to make these calls even after the called party requests that Everything Breaks cease calling.

5. The TCPA prohibits making telemarketing calls to individuals who have registered their telephone numbers on the National Do-Not-Call Registry.

6. The TCPA also prohibits making telemarketing calls to a person who, like Mr. Campbell, has previously asked not to receive such calls and makes sellers like Everything Breaks liable for calls in violation of the TCPA's internal do-not-call rules.

7. Accordingly, Mr. Campbell brings this action on behalf of himself and classes of similarly situated individuals.

## **JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

9. This Court has jurisdiction over Everything Breaks because Everything Breaks conducts business transactions in this District and Everything Breaks made calls into this District as part of the business it conducts in this District.

10. Venue is proper in this District because some of the wrongful conduct giving rise to this case occurred in and/or was directed to this District.

///

## **PARTIES**

11. Plaintiff Stephan Campbell ("Mr. Campbell") is, and at all times mentioned herein

was, a citizen and resident of Las Vegas, Nevada.

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13. Everything Breaks is, and at all times mentioned herein was, a Delaware corporation headquartered at 3100 McKinnon Street, Suite 440, Dallas, Texas 75201.

14. Everything Breaks is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## TCPA BACKGROUND

15. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

16. Relevant here, the TCPA establishes a national "do not call" database of numbers not to be called. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

17. These regulations are codified at 47 C.F.R. §§ 64.1200(e)(1-2).

18. Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

19. A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500 per call through § 227(c) of the TCPA.

20. The TCPA also specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

21. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.*

22. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

23. The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

24. However, recognizing that an honor system would probably be insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

25. These regulations are codified at 47 C.F.R. § 64.1200(d)(1)-(7).

26. Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. § 64.1200(d) (1, 2, 3, 6).

27. These policies and procedures prohibit a company from making calls for

telemarketing purposes[1] unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

28. Accordingly, all telemarketing calls violate the TCPA, unless Everything Breaks can demonstrate that it has implemented the required policies and procedures.

29. There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through § 227(c):

> Section 227(c)(5)… empowers 'any person' to sue for damages and injunctive relief for do-not-call violations 'by or on behalf of' a company. In accordance with this statutory provision, the Commission's company-specific do-not-call rules provide that '[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]' 47 C.F.R. § 64.1200(d).

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013)

30. These requirements are separate but cumulative. In other words, a company must comply with both the procedures for the company specific do-not-call list *and* the procedures for complying with the national "do not call" database regulations. A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

31. Further, a person or entity can be liable for calls made on its behalf in violation of

---

[1] The distinction between the use of "telephone solicitation" in relation to the national do-not-call database and calls for "telemarketing purposes" in relation to the company-specific do-not-call list is significant. "Telephone solicitation" excludes calls made to a person with whom the company has as established business relationship, 47 CFR 64.1200(f)(14), which can be established by a "voluntary two-way communication". 47 CFR 64.1200(f)(5). But this business relationship can be terminated by a "do not call" request. 47 CFR 64.1200(f)(5)(i). "Telemarketing purposes", on the other hand, includes any calls made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, regardless of any consent or established business relationship. 47 CFR 64.1200(f)(12). In other words, prior to making any telemarketing calls to anyone, regardless of relationship, a company must implement the company-specific do-not-call regulations, but it only needs to comply with the national do-not-call registry provisions with respect to persons with whom it does not have an existing established business relationship.

the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations"). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

32. Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

**FACTUAL ALLEGATIONS**

33. Mr. Campbell is the user of a cellular telephone number (XXX)-XXX-2363.

34. Mr. Campbell's cellular telephone number (XXX)-XXX-2363 is used for residential purposes and is not associated with a business.

35. Mr. Campbell's Cellular telephone number (XXX)-XXX-2363 has been on the National Do-Not-Call Registry since July 30, 2013.

36. Mr. Campbell personally placed his cellular telephone number (XXX)-XXX-2363 on the National Do-Not-Call Registry.

37. On or about April 27, 2023, Mr. Campbell began receiving telephone calls from Everything Breaks or a third-party calling on Everything Breaks' behalf soliciting him to purchase

a vehicle warranty.

38. These calls came from 702-483-0915.

39. For example, Mr. Campbell received calls from Everything Breaks or a third-party calling on its behalf on at least the following dates and times from the following phone numbers:

- April 27, 2023 at 2:46pm;
- April 28, 2023 at 1:54pm;
- May 2, 2023 at 8:05am;
- May 3, 2023 at 12:20pm;
- May 9, 2023 at 8:12am;
- May 10, 2023 at 1:20pm;
- May 10, 2023 at 3:19pm;
- May 11, 2023 at 4:07pm; and
- May 12, 2023 at 1:25pm.

40. Everything Breaks' internal records will evidence the dates and times of all of the calls Everything Breaks placed to Mr. Campbell.

41. During the May 2, 2023 call, Mr. Campbell spoke with a representative named "Kyle" who stated that he was calling from Everything Breaks.

42. Kyle transferred the call to "John Foster" who also stated he was calling from Everything Breaks.

43. John provided Mr. Campbell with Everything Breaks' website www.everythingbreaks.com in response to Mr. Campbell's request for that information.

44. John also suggested that Mr. Campbell review Everything Breaks' better business bureau information.

45. John also stated that Everything Breaks was based out of Dallas, Texas.

46. Mr. Campbell advised the caller that he was not interested in a car warranty, however Everything Breaks continued calling.

47. Mr. Campbell requested to be added to Everything Breaks' do-not-call list, however Everything Breaks continued calling.

48. Mr. Campbell did not provide prior express invitation or permission or consent for these telephone calls.

49. To the contrary, in response to the unwanted calls, Mr. Campbell requested that they stop.

50. Everything Breaks, did not have written do-not-call policies or procedures at the time of the calls it made to Mr. Campbell and the classes defined below.

51. Alternatively, whatever written policies existed either failed to comply with the minimum requirements under the TCPA, 47 C.F.R. § 64.1200(d), or were never properly implemented—including as evidenced by the continued telephone calls to Mr. Campbell after he directly asked not to be contacted.

52. Everything Breaks' violations were negligent.

53. Alternatively, Everything Breaks' violations were willful and knowing.

54. Mr. Campbell and the classes were damaged by the violations alleged herein. Their privacy was improperly invaded, Everything Breaks' calls temporarily seized and trespassed upon the use of their phones, and/or they were forced to divert attention away from other activities to address the unwanted telephone calls. Everything Breaks' telephone calls were annoying and a nuisance, and wasted the time of Mr. Campbell and the class members. *See, e.g., Mims,* 565 U.S. at 372.

## DEFENDANT'S LIABILITY

55. Everything Breaks used automated systems to make outbound telephonic sales calls to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do-Not Call Registry.

56. Everything Breaks made two or more telephone solicitations to Mr. Campbell, whose number was on the National Do-Not-Call Registry at the time of the telephone calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

57. Accordingly, for violations of 47 C.F.R. § 64.1200(c), Mr. Campbell is entitled to $500 per call through 47 U.S.C. § 227(c).

58. Mr. Campbell is entitled to $1,500 per call if Everything Breaks' actions are found to be knowing or willful.

59. Everything Breaks placed two or more telemarketing calls to Mr. Campbell, despite not having in place the required policies and procedures prior to making such calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.6200(d).

60. Accordingly, for violations of 47 C.F.R. § 64.1200(d), Mr. Campbell is entitled to $500 per call through 47 U.S.C. § 227(c).

61. Mr. Campbell is entitled to $1,500 per call if Everything Breaks' actions are found to be knowing or willful.

## CLASS ACTION ALLEGATIONS

62. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of two proposed "Classes," as defined as follows:

### THE TCPA CLASSES

Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a

12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls from four (4) years prior to the filing of the Complaint to the date of class certification.

("Registry Class")

Plaintiff and all persons within the United States whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period, including at least one after the person requested that the calls or messages stop from four (4) years prior to the filing of the Complaint to the date of class certification.

("Policy Class").

(The Registry Class and the Policy Class are together referred to herein as the "Classes.")

63. Excluded from the Classes are Everything Breaks and any entities in which Everything Breaks has a controlling interest; Everything Breaks' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

64. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

65. The exact number and identities of the persons who fit within the Classes are ascertainable in that Everything Breaks and third parties maintain written and electronically stored data showing:

    a. The time period(s) during which Everything Breaks or its agent made the telephone calls;

    b. The telephone numbers to which Everything Breaks or its agent made telephone calls;

    c. The telephone numbers for which Everything Breaks had prior express written consent;

d.  The purposes of such telephone calls; and

e.  The names and addresses of Class members.

66. The Classes are comprised of hundreds, if not thousands, of individuals.

67. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

a.  Whether Everything Breaks (or someone acting on its behalf) makes telemarketing calls;

b.  Whether Everything Breaks (or someone acting on its behalf) obtains prior express written consent;

c.  Whether Everything Breaks or the entities with which they contract make solicitation calls and to telephone numbers registered on the National Do-Not-Call Registry;

d.  Whether Everything Breaks had the required policies and procedures prior to making telemarketing calls;

e.  Whether Everything Breaks' statutory violations were willful and knowing; and

f.  Whether Everything Breaks should be enjoined from engaging in such conduct in the future.

68. Plaintiff is a member of the Classes in that Everything Breaks placed two or more calls for telemarketing purposes, in a one-year period to his telephone number, without his prior express written consent, after he asked Everything Breaks to stop, and while his telephone number was on the National Do-Not-Call Registry. In addition, certain of these calls utilized an artificial or prerecorded voice.

69. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Everything Breaks' uniform conduct and are based on the same legal theories as these claims.

70. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Everything Breaks' unwanted calls and suffered a nuisance and an invasion of their privacy.

71. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

72. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent him and the Classes.

73. Everything Breaks has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

74. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

75. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

76. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Registry Class)**

77. Mr. Campbell and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

78. Everything Breaks made, or had made on its behalf, telephone solicitations to Mr. Campbell's and putative Registry Class Members' telephone numbers.

79. Mr. Campbell's and putative Registry Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

80. Mr. Campbell and putative Registry Class Members each received two or more such calls in a 12-month period.

81. Mr. Campbell and putative Registry Class Members are entitled to an award of $500 in statutory damages for each telephone solicitation call pursuant to 47 U.S.C. § 227(c)(5).

82. Mr. Campbell and putative Registry Class Members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On behalf of Plaintiff and the Policy Class)**

83. Mr. Campbell and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

84. Everything Breaks made numerous telephone calls for telemarketing purposes to Mr. Campbell's and putative Policy Class Members' telephone numbers.

85. Everything Breaks did so despite not having a written policy pertaining to "do not call" requests.

86. Everything Breaks did so despite not having such a policy available "upon demand."

87. Everything Breaks did so despite not training their personnel on the existence or use of any internal "do not call" list or policy.

88. Everything Breaks did so despite not recording or honoring "do not call" requests.

89. Everything Breaks made two or more telemarketing calls to Mr. Campbell's and putative Policy Class Members' telephone numbers in a 12-month period.

90. Mr. Campbell and putative Policy Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5).

91. Mr. Campbell and putative Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Mr. Campbell as the representative of the Classes and appointing their counsel as Class Counsel;

B. An order declaring that Everything Breaks' actions, as set out above, violate the statutes referenced herein;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Everything Breaks from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages; and

F. Such other and further relief that the Court deems reasonable and just.

///

///

///

///

///

///

**JURY DEMAND**

92.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, and in accordance with Fed R. Civ. P. 38, and LR 38-1, Plaintiff demands a trial by jury.

Dated: June 1, 2023

          /s/ Craig K. Perry
Craig K. Perry
Nevada Bar No. 3786
CRAIG K. PERRY & ASSOCIATES
2300 W. Sahara Ave., Suite 800
Las Vegas, Nevada 89102
(702) 228-4777
cperry@craigperry.com