# EXHIBIT "A"

Defendant Everything Breaks, Inc's Response and Objections to Plaintiff's First set of Interrogatories.

# EXHIBIT "A"

Phillip A. Silvestri, Esq.
Nevada Bar No. 11276
phillip.silvestri@gmlaw.com
**GREENSPOON MARDER LLP**
3993 Howard Hughes Pkwy., Ste. 400
Las Vegas, Nevada 89169
Tel: (702) 978-4249
Fax: (954) 333-4256
Jamey R. Campellone, Esq. (*Admitted Pro Hac Vice*)
Florida Bar No. 119861
jamey.campellone@gmlaw.com
gabby.mangar@gmlaw.com
**GREENSPOON MARDER LLP**
200 E. Broward Blvd., Ste. 1800
Ft. Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4296

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

STEPHAN CAMPBELL, *on behalf of himself
and all others similarly situated*,

       Plaintiff,

v.

EVERYTHING BREAKS, INC.,

       Defendant.

_____/

CASE NO.: 2:23-cv-00861

### DEFENDANT EVERYTHING BREAKS, INC.'S RESPONSES AND
### OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES[1]

Defendant Everything Breaks, Inc. ("Everything Breaks"), by and through the undersigned

attorneys and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States

District Court for the District of Nevada, hereby serves the attached responses and objections to the

First Set of Interrogatories ("Interrogatories") propounded by Plaintiff Stephan Campbell ("Plaintiff"),

---

[1] By responding to these Interrogatories, Everything Breaks does not waive its right to file a Motion to Compel
Arbitration as a result of Plaintiff's agreement to refrain from and waiver of all rights to participate in a class
action, a class-wide arbitration, claims brought in a representative capacity, or consolidated claims involving
another person's user data.

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
55153670v1

and responds as follows:

## PRELIMINARY STATEMENT

The following responses to the Interrogatories are made solely for the purpose of this action. Everything Breaks has not completed its investigation of the facts relating to this case, discovery in this action, or preparation for trial. All the responses contained herein are based only upon such information and documents that are presently available, and specifically known, to Everything Breaks. Discovery is continuing and will continue as long as permitted by rule, statute, or stipulation of the parties to this action; and the investigation of Everything Breaks' attorneys and agents will continue to and through any hearing, judicial proceedings, or trial in this action. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, which may, in turn, clarify and add meaning to know facts as well as establish entirely new factual matter, all of which may lead to substantial additions to, changes in, and variation from the contentions and responses herein set forth.

The following responses to the Interrogatories are given without prejudice to Everything Breaks' right to produce evidence of any subsequently discovered documents, facts, witnesses, or information that Everything Breaks may later discover. Everything Breaks accordingly reserves the right to change any responses contained herein as additional documents are located, facts are ascertained, analyses are made, legal research is completed, and contentions are formulated. Everything Breaks reserves the right, prior to or at the time of any hearing, judicial proceedings, or trial to introduce any evidence from any source that hereafter may be discovered and testimony of witnesses whose identities may hereafter be discovered.

The following responses to the Interrogatories are also given without prejudice to Everything Breaks' right to produce any inadvertently omitted evidence and introduce such evidence at trial. Thus, to the extent consistent with the Federal Rules of Civil Procedure, local rules, case law, or court orders,

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
55153670v1
002

the following responses and objections are provided without prejudice to Everything Breaks' right to produce evidence, documentary or otherwise, of any subsequently discovered facts and/or documents.

Except for facts expressly admitted herein, no incidental or implied admissions are intended hereby. The fact that Everything Breaks has answered any Interrogatory should not be taken as an admission that Everything Breaks accepts or admits the existence of any facts set forth or assumed by such Interrogatory, or that such response constitutes admissible evidence. The fact that Everything Breaks has answered part of all of an Interrogatory is not intended and shall not be construed to be a waiver by Everything Breaks of all or any part of any objection to any Interrogatory.

This Preliminary Statement is incorporated into each Interrogatory response set forth below.

## OBJECTIONS TO CERTAIN "DEFINITIONS" CONTAINED WITHIN THE INTERROGATORIES

The following objections are made with respect to certain "Definitions" contained within the Interrogatories ("Definition Objection"). The failure to refer specifically to a Definition Objection in response to a specific Interrogatory shall not be construed as a waiver of that Definition Objection. In addition, the assertion of the same, similar, or additional objection(s) in response to a specific Interrogatory does not waive any Definition Objection as set forth more fully below.

1.     Everything Breaks objects to the definition of the terms "Defendant" and "You," as set forth in the Interrogatories as overbroad and unduly burdensome in that it irrelevant and seeks to impose unreasonable discovery obligations on Everything Breaks. To the extent Everything Breaks responds to any of the Interrogatories mentioning the foregoing terms, Everything Breaks will only respond on its own behalf (not on behalf of its "past or present offices [sic], locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, join venturers, officers, directors, employees, agents, attorneys or representatives") and interprets "Defendant" and "You" to mean only Everything Breaks. Everything Breaks further objects to the definition of the foregoing terms to the extent it calls for a legal conclusion and/or legal interpretation (e.g., "joint venturers," "agents"), or

seeks to intrude upon the attorney-client communication privilege or work-produce doctrine (e.g., "attorneys or representatives"). *See generally*, *Maale v. Caicos Beach Club Charter, Ltd*., No. 08-80131-CIV, 2010 WL 272913, *8 (S.D. Fla. Jan. 15, 2010) ("The request is ambiguous insofar as it seeks communications by the defendants 'on behalf of the Project.'"); *Starr Indem. & Liab. Co. v. CSX Transportation, Inc*., No. 3:14-CV-1455-J-39JBT, 2015 WL 12861172, *2 (M.D. Fla. June 1, 2015) ("Although 'you' is a defined term, the definition itself, 'Plaintiff Starr Indemnity & Liability Co. a/s/o Efacec Power Transformers and any employees, agents, attorneys, representatives or other Persons acting on behalf of either or both of the foregoing' . . . is vague and unclear in this context").

2.       Everything Breaks objects to the definition of the term "Describe" as overbroad and unduly burdensome in that it seeks to impose unreasonable discovery obligations on Everything Breaks.

3.       Everything Breaks objects to the definition of the term "Identify" as overbroad and unduly burdensome in that it seeks to impose unreasonable discovery obligations on Everything Breaks and is beyond the scope of Federal Rule of Civil Procedure 34 (e.g., "describe what disposition was made of it and give the name, address and telephone number of the person presently having possession of, custody or control of the document."). Moreover, Everything Breaks objects to the definition of the term "Identify" as overbroad and unduly burdensome to the extent it seeks information and/or documents not in Everything Breaks' possession, custody, or control.

4.       Everything Breaks objects to the definition of the term "Telemarketing" to the extent it calls for a legal conclusion and/or legal interpretation. Everything Breaks also objects to the definition of the term "Telemarketing" as vague, ambiguous, overbroad, and speculative (e.g., "that could have generated or was intended to generate leads, customers or sales for you or any franchisee of yours within the United States.").

5.       Everything Breaks objects to the definition of the term "Vendor" to the extent it calls

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
55153670v1

1

2

3

4

5

for a legal conclusion and/or legal interpretation. Everything Breaks also objects to the definition of the term "Vendor" as vague, ambiguous, and overbroad; particularly compared to the definitions of "Defendant" and "You," which definitions include "employees," as well as with the definition of "Third party."

6

7

8

9

6.    Everything Breaks objects to the "Relevant Time Period" as set forth in the Interrogatories as overbroad, vague, beyond the scope of the allegations alleged in the Complaint, and irrelevant because it is not properly limited in time or scope to the extent the "Relevant Time Period" exceeds the applicable statute of limitations.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## RESPONSES AND OBJECTIONS TO
## <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>

Subject to and without waiving the foregoing Objections and Definition Objections (set forth above), Everything Breaks specifically responds to the Interrogatories as follows:

1.      Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**RESPONSE**: Subject to the following objections, Brandon San Antonio, in his capacity as the Chief Executive Officer of Everything Breaks, provided information to allow Everything Breaks to respond to and object to each of the Interrogatories. Everything Breaks answered each of the Interrogatories with the assistance of the undersigned attorneys. Everything Breaks may only be contacted through its counsel of record.

2.      Identify all employees or vendors involved in making outbound calls or text messages promoting your goods and services and identify the individuals that made the calls and sent the text messages at issue in this case. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls or provide leads, and (b) the dialing system platform or provider used to make those calls or send text messages.

**RESPONSE:** Subject to the following objections, Otto Quotes, LLC ("Otto Quotes"), Capital Econ, S.C. DE R.I. DE C.V. ("Capital Econ"), Five9, Inc. ("Five9"), Roger Guerra, and John Foster may have been involved in the placement of telephone calls to Plaintiff. Pursuant to Fed. R. Civ. P. 33, Everything Breaks directs your attention to the documents produced in response to Plaintiff's First Request for Production to Defendant.

The objections that apply to this Interrogatory are as follows:

Everything Breaks objects to the definition of the term "You" as set forth more fully at Definition Objection No. 1.

Everything Breaks objects to the definition of the term "Identify" as set forth more fully at Definition Objection No. 3.

Everything Breaks objects to the definition of the term "Vendor" as set forth more fully at Definition Objection No. 5.

Everything Breaks objects to this Interrogatory as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers were purportedly registered on the National Do Not Call Registry, without prior express written

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
55153670v1

consent. Thus, the Interrogatory should be limited to the allegations contained in the Complaint. However, the Interrogatory does not seek to limit its scope to that alleged within the Complaint.

3.      Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**RESPONSE:** Subject to the following objections, pursuant to Fed. R. Civ. P. 33, Everything Breaks directs your attention to the documents produced in response to Plaintiff's First Request for Production to Defendant.

The objections that apply to this Interrogatory are as follows:

Everything Breaks objects to the definition of the term "Describe" as set forth more fully at Definition Objection No. 2.

Everything Breaks objects to the definition of the term "Identify" as set forth more fully at Definition Objection No. 3.

Everything Breaks objects to the definition of the term "Vendor" as set forth more fully at Definition Objection No. 5.

Everything Breaks objects to the undefined term "work" as vague and ambiguous.

Everything Breaks objects to this Interrogatory as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers were purportedly registered on the National Do Not Call Registry, without prior express written consent. Thus, the Interrogatory should be limited to the allegations contained in the Complaint. However, the Interrogatory does not seek to limit its scope to that alleged within the Complaint.

4.      Identify all third parties or sub-vendors used by your vendors to make calls or send text messages for you.

**RESPONSE:** The objections that apply to this Interrogatory are as follows:

Everything Breaks objects to the definition of the term "You" as set forth more fully at Definition Objection No. 1.

Everything Breaks objects to the definition of the term "Identify" as set forth more fully at Definition Objection No. 3.

Everything Breaks objects to the definition of the term "Vendor" as set forth more fully at Definition Objection No. 5.

Everything Breaks objects to this Interrogatory as vague, ambiguous, and incomprehensible/nonsensical (e.g., "used by your vendors to make calls or send text messages for

1  you.”).

2      Everything Breaks objects to the undefined term "sub-vendors" as vague and ambiguous.

3
4      Everything Breaks objects to this Interrogatory as vague, irrelevant, not proportional to the
needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope
5  or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing
calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers
6  were purportedly registered on the National Do Not Call Registry, without prior express written
consent. Thus, the Interrogatory should be limited to the allegations contained in the Complaint.
7  However, the Interrogatory does not seek to limit its scope to that alleged within the Complaint.

8      5.    Identify each of the individuals that spoke with Plaintiff from your company or any of

9  its vendors.

10     **RESPONSE:** Subject to the following objections and based on Everything Breaks'
investigation to date, Roger Guerra and John Foster may have been involved in the placement of
11  telephone calls to Plaintiff and spoke with Plaintiff. Everything Breaks was not involved in placing
the alleged calls to Plaintiff, and therefore did not speak with Plaintiff. Pursuant to Fed. R. Civ. P. 33,
12  Everything Breaks directs your attention to the documents produced in response to
Plaintiff's First Request for Production to Defendant.
13

14     The objections that apply to this Interrogatory are as follows:

15     Everything Breaks objects to the definition of the term "You" as set forth more fully at
16  Definition Objection No. 1.

17     Everything Breaks objects to the definition of the term "Identify" as set forth more fully at
Definition Objection No. 3.
18
19     Everything Breaks objects to the definition of the term "Vendor" as set forth more fully at
Definition Objection No. 5.

20     6.    If you contend that Plaintiff provided consent to receive solicitation telephone calls or

21  text messages, state the material facts in support of that contention and identify the date(s) on which

22  and the means by which you contend consent was obtained.

23
24     **RESPONSE:** Subject to the following objections and based on Everything Breaks'
investigation to date, Otto Quotes, LLC ("Otto Quotes"), Capital Econ, S.C. DE R.I. DE C.V.
25  ("Capital Econ"), Five9, Inc. ("Five9"), Roger Guerra, and John Foster may have been involved in the
placement of telephone calls to Plaintiff. Specifically, Everything Breaks understands that Capital
26  Econ placed calls to Plaintiff in May 2023, after Plaintiff expressly consented to the Terms of Service
in accessing the ottoinsurance.com website, in which his cellular telephone number, as alleged at
27  Paragraph 33 of the Complaint [D.E. 1], was provided. Pursuant to the same Terms of Service, Plaintiff
agreed to refrain from and waived all rights to participate in a class action, a class-wide arbitration,
28  claims brought in a representative capacity, or consolidated claims involving another person's user

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
55153670v1

data. Everything Breaks was not involved in placing the alleged calls to Plaintiff, or the procurement of Plaintiff's lead information.

Indeed, on June 25, 2022 (prior to the alleged calls to Plaintiff), while visiting the website https://ottoinsurance.com/home.html, Plaintiff provided his prior express written consent to be contacted when he filled out his contact information on the website https://ottoinsurance.com/home.html. Plaintiff provided the below contact information to be contacted by the website's Marketing Partners, which Marketing Partners include "Everything Breaks Inc."

The website https://ottoinsurance.com/home.html reflects the applicable opt-in language:

By clicking the "Get Your Free Quote" button, you agree that you are 18 years or older; you consent to our website Terms and Conditions and Privacy Policy; and you are giving your prior express written consent, via your electronic signature, for Ottoinsurance.com or our marketing partners and/or their affiliates, whose names you acknowledge that you've have accessed and read, to contact you via email at the email address you provided above and to place telephone calls or text messages to the phone number you provided above using automated telephone dialing systems and artificial voice or pre-recorded calls intended to market auto insurance, home insurance, and other services, and consent for Ottoinsurance.com to provide your personal information to our marketing partners. This consent applies to mobile numbers, if applicable, including those previously registered on any Federal and State Do Not Call (DNC) Registries. Reply STOP to opt-out of text messages. Your consent is not a condition to purchase goods or services; if you prefer to get your free quote without providing consent, call 855-945-3249 for a quote. You may revoke your consent at any time by contacting us here.

The Jornaya ID is as follows: 18291C87-A04A-5ED6-C5CF-0447D1E3A9A9. The TrustedForm link is provided here: https://cert.trustedform.com/302c85b84bf3c201a640dd43197bc122a0b9f8ac [cert.trustedform.com].

Pursuant to Fed. R. Civ. P. 33, Everything Breaks further directs your attention to the documents produced in response to Plaintiff's First Request for Production to Everything Breaks.

Driver First Name:    Stephan
Driver Last Name:    Campbell
Address:
Email:
Telephone:         2363
City:            Las Vegas
State:            NV
Zip:

Vehicle #1:    2018 Cadillac XTS Luxury
Vehicle #1 Vin:

The objections that apply to this Interrogatory are as follows:

Everything Breaks objects to the definition of the term "You" as set forth more fully at Definition Objection No. 1.

Everything Breaks objects to the definition of the term "Identify" as set forth more fully at Definition Objection No. 3.

7.      If you claim a different company sent the communications at issue in this lawsuit other than you, identify them and the material facts in support of the fact that they sent the communications.

**RESPONSE:** *See* Responses and Objections to Interrogatory No. 6.

8.      Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**RESPONSE:** Subject to the following objections and based on Everything Breaks' investigation to date, Otto Quotes, LLC ("Otto Quotes"), Capital Econ, S.C. DE R.I. DE C.V. ("Capital Econ"), Five9, Inc. ("Five9"), Roger Guerra, and John Foster may have been involved in the placement of telephone calls to Plaintiff. Specifically, Everything Breaks understands that Capital Econ placed calls to Plaintiff in May 2023, after Plaintiff expressly consented to the Terms of Service in accessing the ottoinsurance.com website, in which his cellular telephone number, as alleged at Paragraph 33 of the Complaint [D.E. 1], was provided. Pursuant to the same Terms of Service, Plaintiff agreed to refrain from and waived all rights to participate in a class action, a class-wide arbitration, claims brought in a representative capacity, or consolidated claims involving another person's user data. Everything Breaks was not involved in placing the alleged calls to Plaintiff, or the procurement of Plaintiff's lead information.

Indeed, on June 25, 2022 (prior to the alleged calls to Plaintiff), while visiting the website https://ottoinsurance.com/home.html, Plaintiff provided his prior express written consent to be contacted when he filled out his contact information on the website https://ottoinsurance.com/home.html. Plaintiff provided the below contact information to be contacted by the website's Marketing Partners, which Marketing Partners include "Everything Breaks Inc."

The website https://ottoinsurance.com/home.html reflects the applicable opt-in language:

By clicking the "Get Your Free Quote" button, you agree that you are 18 years or older, you consent to our website Terms and Conditions and Privacy Policy, and you are giving your prior express written consent, via your electronic signature, for Ottoinsurance.com or our marketing partners and/or their affiliates, whose names you acknowledge that you've have accessed and read, to contact you via email at the email address you provided above and to place telephone calls or text messages to the phone number you provided above using automated telephone dialing systems and artificial voice or pre-recorded calls intended to market auto insurance, home insurance, and other services, and consent for Ottoinsurance.com to provide your personal information to our marketing partners. This consent applies to mobile numbers, if applicable, including those previously registered on any Federal and State Do Not Call (DNC) Registries. Reply STOP to opt-out of text messages. Your consent is not a condition to purchase goods or services; if you prefer to get your free quote without providing consent, call 855-945-3249 for a quote. You may revoke your consent at any time by contacting us here.

The Jornaya ID is as follows:  18291C87-A04A-5ED6-C5CF-0447D1E3A9A9.  The TrustedForm link is provided here: https://cert.trustedform.com/302c85b84bf3c201a640dd43197bc122a0b9f8ac [cert.trustedform.com].

Pursuant to Fed. R. Civ. P. 33, Everything Breaks further directs your attention to the documents produced in response to Plaintiff's First Request for Production to Everything Breaks.

Driver First Name:      Stephan
Driver Last Name:       Campell
Address:

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
55153670v1                                                                                                                 010

Email:
Telephone:        2363
City:             Las Vegas
State:            NV
Zip:

Vehicle #1:    2018 Cadillac XTS Luxury
Vehicle #1 Vin:

The objections that apply to this Interrogatory are as follows:

Everything Breaks objects to the definition of the term "You" as set forth more fully at Definition Objection No. 1.

Everything Breaks objects to the definition of the term "Identify" as set forth more fully at Definition Objection No. 3.

Everything Breaks objects to the definition of the term "Vendor" as set forth more fully at Definition Objection No. 5.

Everything Breaks objects to this Interrogatory to the extent it seeks information not in Everything Breaks' possession, custody, or control.

9.    State the material facts in support of any affirmative defenses you have raised.

**RESPONSE:** The objections that apply to this Interrogatory are as follows:

Everything Breaks objects to this Interrogatory as harassing, vague, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope and attempts to seek information related to each of Everything Breaks' eighteen (18) affirmative defenses.

Everything Breaks objects to this Interrogatory to the extent it attempts to seek information protected by the attorney-client privilege and work product doctrine.

Everything Breaks objects to this Interrogatory as a contention interrogatory that seeks a detailed narrative concerning eighteen (18) Affirmative Defenses.

10.    Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for engaging in, facilitating, or allowing allegedly unlawful or unauthorized outbound calls to occur. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**RESPONSE:** The objections that apply to this Interrogatory are as follows:

Everything Breaks objects to the definition of the term "You" as set forth more fully at Definition Objection No. 1.

Everything Breaks objects to the definition of the term "Describe" as set forth more fully at Definition Objection No. 2.

Everything Breaks objects to the definition of the term "Identify" as set forth more fully at Definition Objection No. 3.

Everything Breaks objects to the undefined terms "disciplined," "reprimanded," and "similar action" as vague and ambiguous.

Everything Breaks objects to this Interrogatory as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers were purportedly registered on the National Do Not Call Registry, without prior express written consent. Thus, the Interrogatory should be limited to the allegations contained in the Complaint. However, the Interrogatory does not seek to limit its scope to that alleged within the Complaint.

Dated: October **26**, 2023.        Respectfully submitted,

PHILIP SILVESTRI
Nv. Bar No. 11276
Email: philip.silvestri@gmlaw.com
**GREENSPOON MARDER LLP**
3993 Howard Hughes Parkway, Suite 400
Las Vegas, NV 89159
Tel: (702) 978-4249

By:___*/s/ Jamey R. Campellone*_____
JAMEY R. CAMPELLONE
Fla. Bar No. 119861
*Pro Hac Vice Anticipated*
Email: jamey.campellone@gmlaw.com
Email: gabby.mangar@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4027

*Attorneys for Everything Breaks, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **26th** day of October 2023, a copy of the foregoing Responses and Objections to Plaintiff's First Set of Interrogatories was served via email on all attorneys of record including: **Craig K. Perry, Esq.**, 2300 W. Sahara Ave., Suite 800, Las Vegas, Nevada 89102 (cperry@craigperry.com), **Chris R. Miltenberger, Esq.**, The Law Office of Chris R. Miltenberger, PLLC, 1360 N. White Chapel, Suite 200, Southlake, Texas 76092 (chris@crmlawpractice.com), **Eric H. Weitz, Esq.** and **Max S. Morgan, Esq.**, The Weitz Firm, LLC, 1515 Market Street, #1100, Philadelphia, PA 19102 (eric.weitz@theweitzfirm.com, max.morgan@theweitzfirm.com), *Attorneys for Plaintiff.*

By: <u>/s/ Jamey R. Campellone</u>
JAMEY R. CAMPELLONE

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
55153670v1

1

## VERIFICATION PAGE

2

By:_____

3

Print Name: _____

4

Title: _____

5

STATE OF _____)

6

COUNTY OF _____)

) SS:

7

     **BEFORE ME**, the undersigned authority, duly licensed to administer oaths and take

8

acknowledgments, personally appeared _____, who being by me

9

first duly  sworn, deposes and says that he has read the foregoing answers to interrogatories, and that

10

they are true and correct to the best of his knowledge.

11

12

     **SWORN TO AND SUBSCRIBED** before me this _____ day of **October**, 2023.

13

14

15

_____

16

Notary Public, State of _____

17

My Commission Expires: _____

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
55153670v1

0114

1

**VERIFICATION PAGE**

2
By: _____

3
Print Name: Brandon San Antonio

4
Title: Chief Executive Officer

5
STATE OF Texas _____ )

6
COUNTY OF Dallas _____ ) SS:

7

8
    **BEFORE ME**, the undersigned authority, duly licensed to administer oaths and take

acknowledgments, personally appeared Brandon San Antonio _____, who being by me

9

10
first duly sworn, deposes and says that he has read the foregoing answers to interrogatories, and that

11
they are true and correct to the best of his knowledge.

12
    **SWORN TO AND SUBSCRIBED** before me this 2nd day of ~~October~~ November, 2023.

13

14

15
YARELE SANCHEZ
Notary ID #131022962
My Commission Expires
March 17, 2025

16
Notary Public, State of Texas _____

17
My Commission Expires: March 17, 2025 _____

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
55153670v1

Phillip A. Silvestri, Esq.
Nevada Bar No. 11276
phillip.silvestri@gmlaw.com
**GREENSPOON MARDER LLP**
3993 Howard Hughes Pkwy., Ste. 400
Las Vegas, Nevada 89169
Tel: (702) 978-4249
Fax: (954) 333-4256
Jamey R. Campellone, Esq. (*Admitted Pro Hac Vice*)
Florida Bar No. 119861
jamey.campellone@gmlaw.com
gabby.mangar@gmlaw.com
**GREENSPOON MARDER LLP**
200 E. Broward Blvd., Ste. 1800
Ft. Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4296

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

STEPHAN CAMPBELL, *on behalf of himself
and all others similarly situated*,

      Plaintiff,

v.

EVERYTHING BREAKS, INC.,

      Defendant.

_____/

CASE NO.: 2:23-cv-00861

### DEFENDANT EVERYTHING BREAKS, INC.'S
### RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF
### REQUESTS FOR PRODUCTION OF DOCUMENTS[1]

Defendant Everything Breaks, Inc. ("Everything Breaks") by and through the undersigned

attorneys and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States

District Court for the District of Nevada, hereby serves the attached responses and objections to the

First Set of Requests for Production of Documents ("Requests") propounded by Plaintiff

---

[1] By responding to these Requests (and producing potentially responsive documents), Everything Breaks does not waive its right to file a Motion to Compel Arbitration as a result of Plaintiff's agreement to refrain from and waiver of all rights to participate in a class action, a class-wide arbitration, claims brought in a representative capacity, or consolidated claims involving another person's user data.

Stephan Campbell ("Plaintiff"), and responds as follows:

### **PRELIMINARY STATEMENT**

The following responses to the Requests (the "Responses") are made solely for the purpose of this Action. Everything Breaks has not completed its investigation of the facts relating to this case, discovery in this Action, or preparation for trial. All the Responses contained herein are based only upon such information and documents that are presently available, and specifically known, to Everything Breaks. Discovery is continuing and will continue as long as permitted by rule, statute, or stipulation of the parties to this Action; and the investigation of Everything Breaks' attorneys and agents will continue to and through any hearing, judicial proceedings, or trial in this Action. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, which may, in turn, clarify and add meaning to known facts as well as establish entirely new factual matters, all of which may lead to substantial additions to changes in and variation from the Responses herein set forth.

The following Responses are given without prejudice to Everything Breaks' right to produce evidence of any subsequently discovered documents, facts, witnesses, or information that Everything Breaks may later discover. Accordingly, Everything Breaks reserves the right to change any Responses contained herein as additional documents are located, facts are ascertained, analyses are made, legal research is completed, and contentions are formulated. Everything Breaks reserves the right, prior to or at the time of any hearing, judicial proceeding, or trial to introduce any evidence from any source that hereafter may be discovered and testimony of witnesses whose identities may hereafter be discovered.

The following Responses are also given without prejudice to Everything Breaks' right to produce any inadvertently omitted evidence and introduce such evidence at trial. Thus, to the extent consistent with the Federal Rules of Civil Procedure, local rules, case law, or court orders, the following Responses are provided without prejudice to Everything Breaks' right to produce evidence, documentary or otherwise, of any subsequently discovered facts and/or documents.

Except for facts expressly admitted herein, no incidental or implied admissions are intended hereby. The fact that Everything Breaks has responded to any Request should not be taken as an

55471174v1

admission that Everything Breaks accepts or admits the existence of any facts set forth or assumed by such Request, or that any of the Responses constitute admissible evidence. The fact that Everything Breaks has responded to part or all of a Request is not intended and shall not be construed to be a waiver by Everything Breaks of all or any part of any objection to any Request.

This Preliminary Statement is incorporated into each Response set forth below.

### OBJECTIONS TO CERTAIN "DEFINITIONS" CONTAINED WITHIN THE REQUESTS

The following objections are made with respect to certain "Definitions" contained within the Requests ("Definition Objection"). The failure to refer specifically to a Definition Objection in response to a specific Interrogatory shall not be construed as a waiver of that Definition Objection. In addition, the assertion of the same, similar, or additional objection(s) in response to a specific Interrogatory does not waive any Definition Objection as set forth more fully below.

1.      Everything Breaks objects to the definition of the terms "Defendant" and "You," as set forth in the Requests as overbroad and unduly burdensome in that it irrelevant and seeks to impose unreasonable discovery obligations on Everything Breaks. To the extent Everything Breaks responds to any of the Requests mentioning the foregoing terms, Everything Breaks will only respond on its own behalf (not on behalf of its "past or present offices [sic], locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, join venturers, officers, directors, employees, agents, attorneys or representatives") and interprets "Defendant" and "You" to mean only Everything Breaks. Everything Breaks further objects to the definition of the foregoing terms to the extent it calls for a legal conclusion and/or legal interpretation (e.g., "joint venturers," "agents"), or seeks to intrude upon the attorney-client communication privilege or work-produce doctrine (e.g., "attorneys or representatives"). *See generally*, *Maale v. Caicos Beach Club Charter, Ltd*., No. 08-80131-CIV, 2010 WL 272913, *8 (S.D. Fla. Jan. 15, 2010) ("The request is ambiguous insofar as it seeks communications by the defendants 'on behalf of the Project.'"); *Starr Indem. & Liab. Co. v. CSX Transportation, Inc*., No. 3:14-CV-1455-J-39JBT, 2015 WL 12861172, *2 (M.D. Fla. June 1, 2015) ("Although 'you' is a defined term, the definition itself, 'Plaintiff Starr Indemnity & Liability Co. a/s/o Efacec Power Transformers and any employees, agents, attorneys, representatives or other Persons

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

acting on behalf of either or both of the foregoing' . . . is vague and unclear in this context").

2.    Everything Breaks objects to the definition of the term "Describe" as overbroad and unduly burdensome in that it seeks to impose unreasonable discovery obligations on Everything Breaks.

3.    Everything Breaks objects to the definition of the term "Identify" as overbroad and unduly burdensome in that it seeks to impose unreasonable discovery obligations on Everything Breaks and is beyond the scope of Federal Rule of Civil Procedure 34 (e.g., "describe what disposition was made of it and give the name, address and telephone number of the person presently having possession of, custody or control of the document."). Moreover, Everything Breaks objects to the definition of the term "Identify" as overbroad and unduly burdensome to the extent it seeks information and/or documents not in Everything Breaks' possession, custody, or control.

4.    Everything Breaks objects to the definition of the term "Telemarketing" to the extent it calls for a legal conclusion and/or legal interpretation. Everything Breaks also objects to the definition of the term "Telemarketing" as vague, ambiguous, overbroad, and speculative (e.g., "that could have generated or was intended to generate leads, customers or sales for you or any franchisee of yours within the United States.").

5.    Everything Breaks objects to the definition of the term "Vendor" to the extent it calls for a legal conclusion and/or legal interpretation. Everything Breaks also objects to the definition of the term "Vendor" as vague, ambiguous, and overbroad; particularly compared to the definitions of "Defendant" and "You," which definitions include "employees," as well as with the definition of "Third party."

6.    Everything Breaks objects to the "Relevant Time Period" as set forth in the Requests as overbroad, vague, beyond the scope of the allegations alleged in the Complaint, and irrelevant because it is not properly limited in time or scope to the extent the "Relevant Time Period" exceeds the applicable statute of limitations.

**RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Subject to and without waiving the foregoing Objections and Definition Objections, Everything Breaks specifically responds to the Requests as follows:

1.    Produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:** Subject to and without waiving the following objections, Everything Breaks will produce non-privileged documents in its possession, custody, and control that may be responsive to this Request under separate cover on or before November 28, 2023.

The objections that apply to this Request are as follows:

Everything Breaks objects to this Requests to the extent it seeks to intrude upon the work product doctrine and/or joint-defense privilege.

Everything Breaks objects to the phrase "used to research" as vague and ambiguous.

No responsive documents are being withheld on the basis of any asserted objections.

2.    Produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:** Subject to and without waiving the following objections, Everything Breaks will produce non-privileged documents in its possession, custody, and control that may be responsive to this Request under separate cover on or before November 28, 2023.

The objections that apply to this Request are as follows:

Everything Breaks objects to the definition of the term "You" as set forth more fully at Definition Objection No. 1.

Everything Breaks objects to this Request to the extent it attempts to seek information protected by the attorney-client privilege, work product doctrine, and/or joint-defense privilege.

Everything Breaks objects to this Request as harassing, vague, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope and attempts to seek information related to each of Everything Breaks' eighteen (18) Affirmative Defenses.

Everything Breaks objects to this Request to the extent it calls for a legal conclusion and/or legal interpretation (e.g., "supporting or contradicting any affirmative defense").

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "all documents").

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

55471174v1

Given, at a minimum, the overbroad scope of the Request, Everything Breaks believes it is likely that responsive, non-privileged documents are being withheld on the basis of the foregoing asserted objections.

3.    Produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls or text messages made to Plaintiff.

**RESPONSE:** Subject to and without waiving the following objections, Everything Breaks will produce non-privileged documents in its possession, custody, and control that may be responsive to this Request under separate cover on or before November 28, 2023.

The objections that apply to this Request are as follows:

Everything Breaks objects to the definition of the term "You" as set forth more fully at Definition Objection No. 1.

Everything Breaks objects to this Request to the extent it attempts to seek information protected by the attorney-client privilege, work product doctrine, and/or joint-defense privilege.

Everything Breaks objects to this Request as argumentative (e.g., "relationship with Plaintiff").

Everything Breaks objects to this Request to the extent it seeks documents not in Everything Breaks' possession, custody, or control.

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "all documents").

Everything Breaks objects to this Request as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers were purportedly registered on the National Do Not Call Registry, without prior express written consent. Thus, the Request should be limited to the allegations contained in the Complaint. However, the Request does not seek to limit its scope to that alleged within the Complaint.

No responsive, non-privileged documents are being withheld on the basis of any asserted objections.

4.    Produce your internal do-not-call policy, including each version of the policy that was in effect at any time during the relevant time period.

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

55471174v1

021

**RESPONSE:** Everything Breaks will produce non-privileged documents in its possession, custody, and control that may be responsive to this Request under separate cover on or before November 28, 2023.

5.    Produce documents sufficient to identify the telephone numbers on your internal do-not-call list for the last four years and the calls made or text messages sent to those numbers after their placement on your internal do-not-call list.

**RESPONSE:** Subject to and without waiving the following objections, Everything Breaks will produce non-privileged documents in its possession, custody, and control that may be responsive to this Request under separate cover on or before November 28, 2023.

The objections that apply to this Request are as follows:

Everything Breaks objects to the definition of the term "You" as set forth more fully at Definition Objection No. 1.

Everything Breaks objects to this Request as vague and ambiguous and to the extent it calls for a legal conclusion and/or legal interpretation (e.g., "sufficient to identify").

Everything Breaks objects to this Request as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers were purportedly registered on the National Do Not Call Registry, without prior express written consent. Thus, the Request should be limited to the allegations contained in the Complaint. However, the Request does not seek to limit its scope to that alleged within the Complaint.

Given, at a minimum, the overbroad scope of the Request, Everything Breaks believes it is likely that responsive, non-privileged documents are being withheld on the basis of the foregoing asserted objections.

6.    Produce all documents relating to how you scrub telephone numbers against your internal do-not-call list and the National Do-Not-Call registry.

**RESPONSE:** Subject to and without waiving the following objections, Everything Breaks will produce non-privileged documents in its possession, custody, and control that may be responsive to this Request under separate cover on or before November 28, 2023.

The objections that apply to this Request are as follows:

Everything Breaks objects to the definition of the term "You" as set forth more fully at Definition Objection No. 1.

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "all documents").

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

No responsive documents are being withheld on the basis of any asserted objections.

7.    Produce all documents relating to instructions you provide to your vendors that refer or relate to scrubbing telephone numbers received by a vendor against your internal do-not-call list and the National Do-Not-Call registry.

**RESPONSE:** Subject to and without waiving the following objections, Everything Breaks will produce non-privileged documents in its possession, custody, and control that may be responsive to this Request under separate cover on or before November 28, 2023.

The objections that apply to this Request are as follows:

Everything Breaks objects to the definition of the term "You" as set forth more fully at Definition Objection No. 1.

Everything Breaks objects to the definition of the term "Vendor" as set forth more fully at Definition Objection No. 5.

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "all documents").

No responsive documents are being withheld on the basis of any asserted objections.

8.    Produce all documents relating to any failure by you, or a vendor, to abide by your policies relating to the making of outbound calls or the sending of text messages.

**RESPONSE:** The objections that apply to this Request are as follows:

Everything Breaks objects to the definition of the term "You" as set forth more fully at Definition Objection No. 1.

Everything Breaks objects to the definition of the term "Vendor" as set forth more fully at Definition Objection No. 5.

Everything Breaks objects to this Request to the extent it attempts to seek information protected by the attorney-client privilege and work product doctrine.

Everything Breaks objects to this Request as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers were purportedly registered on the National Do Not Call Registry, without prior express written consent. Thus, the Request should be limited to the allegations contained in the Complaint. However, the Request does not seek to limit its scope to that alleged within the Complaint.

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS          023

55471174v1

Everything Breaks objects to this Request as argumentative (e.g., "failure by you, or a vendor, to abide by your policies").

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "all documents").

Given, at a minimum, the overbroad scope of the Request, Everything Breaks believes it is likely that responsive, non-privileged documents are being withheld on the basis of the foregoing asserted objections.

9.      Produce all documents relating to the failure, alleged failure, or possible failure of your vendors to comply with any agreements, contracts, statements of work, policies or other instruction(s) related to outbound calls or text messages.

**RESPONSE:** The objections that apply to this Request are as follows:

Everything Breaks objects to the definition of the term "You" as set forth more fully at Definition Objection No. 1.

Everything Breaks objects to the definition of the term "Vendor" as set forth more fully at Definition Objection No. 5.

Everything Breaks objects to this Request to the extent it attempts to seek information protected by the attorney-client privilege and work product doctrine.

Everything Breaks objects to the undefined term "other instruction(s)" as vague and ambiguous.

Everything Breaks objects to this Request as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers were purportedly registered on the National Do Not Call Registry, without prior express written consent. Thus, the Request should be limited to the allegations contained in the Complaint. However, the Request does not seek to limit its scope to that alleged within the Complaint.

Everything Breaks objects to this Request as argumentative (e.g., "failure, alleged failure, or possible failure of your vendors to comply with any agreements, contracts, statements of work, policies or other instruction(s)").

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "all documents").

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

024

55471174v1

Given, at a minimum, the overbroad scope of the Request, Everything Breaks believes it is likely that responsive, non-privileged documents are being withheld on the basis of the foregoing asserted objections.

10.    Produce all documents relating to complaints or do-not-call requests concerning outbound calls or text messages, including, but not limited to, lists or databases containing complaints about them, and information identifying the complainants. This request includes any complaints to you by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source.

**RESPONSE:** The objections that apply to this Request are as follows:

Everything Breaks objects to the definition of the term "You" as set forth more fully at Definition Objection No. 1.

Everything Breaks objects to this Request to the extent it attempts to seek information protected by the attorney-client privilege and work product doctrine.

Everything Breaks objects to this Request as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers were purportedly registered on the National Do Not Call Registry, without prior express written consent. Thus, the Request should be limited to the allegations contained in the Complaint. However, the Request does not seek to limit its scope to that alleged within the Complaint (e.g., "do-not-call requests," "text messages").

Everything Breaks objects to the undefined term "information identifying" as vague and ambiguous.

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "all documents").

Given, at a minimum, the overbroad scope of the Request, Everything Breaks believes it is likely that responsive, non-privileged documents are being withheld on the basis of the foregoing asserted objections.

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
025

55471174v1

11.     Produce all contracts or documents representing agreements with any vendor that contacted the Plaintiff or made outbound telemarketing calls on your behalf.

**RESPONSE:** Subject to and without waiving the following objections, Everything Breaks will produce non-privileged documents in its possession, custody, and control that may be responsive to this Request under separate cover on or before November 28, 2023.

The objections that apply to this Request are as follows:

Everything Breaks objects to the definition of the term "Telemarketing" as set forth more fully at Definition Objection No. 4.

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "all contracts or documents").

No responsive documents are being withheld on the basis of any asserted objections.

12.     Produce all contracts or agreements between you and Otto.

**RESPONSE:** Subject to the following objections, none.

The objections that apply to this Request are as follows:

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "all contracts or documents").

No responsive documents are being withheld on the basis of any asserted objections.

13.     Produce documents sufficient to identify the number of leads provided to you by Otto during the relevant time period.

**RESPONSE:** Subject to the following objections, none.

The objections that apply to this Request are as follows:

Everything Breaks objects to this Request as vague and ambiguous and to the extent it calls for a legal conclusion and/or legal interpretation (e.g., "sufficient to identify").

Everything Breaks objects to this Request as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers were purportedly registered on the National Do Not Call Registry, without prior express written consent. Thus, the Request should be limited to the allegations contained in the Complaint. However, the Request does not seek to limit its scope to that alleged within the Complaint (e.g., "number of leads").

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

55471174v1

No responsive documents are being withheld on the basis of any asserted objections.

14.    Produce all lead information provided to you by Otto during the relevant time period, including but not limited to the full name, address, email, phone number and any other information associated with each individual lead.

**RESPONSE:** Subject to the following objections, none.

The objections that apply to this Request are as follows:

Everything Breaks objects to the phrase "any other information associated with each individual lead" as vague and ambiguous.

Everything Breaks objects to this Request as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers were purportedly registered on the National Do Not Call Registry, without prior express written consent. Thus, the Request should be limited to the allegations contained in the Complaint. However, the Request does not seek to limit its scope to that alleged within the Complaint (e.g., "number of leads").

No responsive documents are being withheld on the basis of any asserted objections.

15.    Produce all communications with Otto regarding the acquisition of leads, any agreement to provide leads, logistics of providing leads, lead quality, marketing to leads and how Otto obtains leads.

**RESPONSE:** Subject to the following objections, none.

The objections that apply to this Request are as follows:

Everything Breaks objects to this Request as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers were purportedly registered on the National Do Not Call Registry, without prior express written consent. Thus, the Request should be limited to the allegations contained in the Complaint. However, the Request does not seek to limit its scope to that alleged within the Complaint (e.g., "number of leads").

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "all communications").

No responsive documents are being withheld on the basis of any asserted objections.

16.     Produce all communications with any vendor that sent the text messages or made the calls at issue in this case.

**RESPONSE:** The objections that apply to this Request are as follows:

Everything Breaks objects to the definition of the term "Vendor" as set forth more fully at Definition Objection No. 5.

Everything Breaks objects to this Request to the extent it attempts to seek information protected by the attorney-client privilege, work product doctrine, and/or joint-defense privilege.

Everything Breaks objects to this Request as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers were purportedly registered on the National Do Not Call Registry, without prior express written consent. Thus, the Request should be limited to the allegations contained in the Complaint. However, the Request does not seek to limit its scope to that alleged within the Complaint.

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "all communications").

Given, at a minimum, the overbroad scope of the Request, Everything Breaks believes it is likely that responsive, non-privileged documents are being withheld on the basis of the foregoing asserted objections.

17.     Produce all internal communications at your company regarding any vendor that contacted the Plaintiff or made outbound telemarketing calls or text messages on your behalf.

**RESPONSE:** The objections that apply to this Request are as follows:

Everything Breaks objects to the definition of the term "Vendor" as set forth more fully at Definition Objection No. 5.

Everything Breaks objects to this Request to the extent it attempts to seek information protected by the attorney-client privilege, work product doctrine, and/or joint-defense privilege.

Everything Breaks objects to this Request as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers were purportedly registered on the National Do Not Call Registry, without prior express written consent. Thus, the Request should be limited to the allegations contained in the Complaint. However, the Request does not seek to limit its scope to that alleged within the Complaint.

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "all internal communications").

Given, at a minimum, the overbroad scope of the Request, Everything Breaks believes it is likely that responsive, non-privileged documents are being withheld on the basis of the foregoing asserted objections.

18.    Produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:** Subject to the following objections, none.

The objections that apply to this Request are as follows:

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "all documents").

Everything Breaks objects to this Request as vague and internally inconsistent in that the Request seeks documents "relating to insurance coverage" that includes "potentially applicable policies," which, by definition, includes policies that do not cover "the acts alleged by Plaintiff."

Everything Breaks objects to this Request as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope.

No responsive documents are being withheld on the basis of any asserted objections.

19.    Produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:** Subject to the following objections, none.

Everything Breaks objects to the definition of the term "You" as set forth more fully at Definition Objection No. 1.

Everything Breaks objects to this Request to the extent it attempts to seek information protected by the attorney-client privilege, work product doctrine, and/or joint-defense privilege.

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

55471174v1

Everything Breaks objects to this Request as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope.

Everything Breaks objects to this Request as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope. Here, Plaintiff seeks "all communications" with certain third parties without regard to the subject matter of such communications.

Everything Breaks objects to this Request to the extent it calls for a legal conclusion and/or legal interpretation (e.g., "all indemnification agreements").

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "all communications").

No responsive, non-privileged documents are being withheld on the basis of any asserted objections.

20.    Produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

    a.  compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

    b.  obtaining or verifying prior express consent; and

    c.  complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:** Subject to and without waiving the following objections, Everything Breaks will produce non-privileged documents in its possession, custody, and control that may be responsive to this Request under separate cover on or before November 28, 2023.

The objections that apply to this Request are as follows:

Everything Breaks objects to this Request to the extent it attempts to seek information protected by the attorney-client privilege, work product doctrine, and/or joint-defense privilege.

Everything Breaks objects to this Request as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope.

Everything Breaks objects to this Request to the extent it calls for a legal conclusion and/or legal interpretation.

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

030

55471174v1

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "all documents").

No responsive, non-privileged documents are being withheld on the basis of any asserted objections.

21.    Produce the call detail records and all documents containing any of the following information for each outbound telemarketing call or text message sent by you or your vendors to a lead obtained from Otto:

    a.    the date and time;

    b.    the caller ID;

    c.    the content of the text message or content/purpose of the call;

    d.    the result;

    e.    identifying information for the recipient;

    f.    whether the recipient was on your internal do-not-call list at the time of the calls; and

    g.    any other information stored by the call detail records

**NOTE: If You cannot sort information for each outbound telemarketing call or text message by lead, please produce all of the call detail records.**

**RESPONSE:** Subject to and without waiving the following objections, Everything Breaks will produce non-privileged documents in its possession, custody, and control that may be responsive to this Request under separate cover on or before November 28, 2023.

The objections that apply to this Request are as follows:

Everything Breaks objects to the definition of the term "You" as set forth more fully at Definition Objection No. 1.

Everything Breaks objects to the definition of the term "Telemarketing" as set forth more fully at Definition Objection No. 4.

Everything Breaks objects to the definition of the term "Vendor" as set forth more fully at Definition Objection No. 5.

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "all documents").

No responsive, non-privileged documents are being withheld on the basis of any asserted objections.

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

55471174v1

031

22.    Produce all communications with any third party concerning this litigation, other than your attorney.

**RESPONSE:** The objections that apply to this Request are as follows:

Everything Breaks objects to the definition of the term "You" as set forth more fully at Definition Objection No. 1.

Everything Breaks objects to this Request to the extent it attempts to seek information protected by the attorney-client privilege, work product doctrine, and/or joint-defense privilege.

Everything Breaks objects to this Request as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope. Here, Plaintiff seeks "all communications" with certain third parties without regard to the subject matter of such communications.

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "all communications").

Given, at a minimum, the overbroad scope of the Request, Everything Breaks believes it is likely that responsive, non-privileged documents are being withheld on the basis of the foregoing asserted objections.

23.    To the extent Defendant asserts that Defendant obtained consent or permission to contact Plaintiff or putative class members based on a visit to a website, produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission or are related to the specific page(s) on those website(s) that you claim constitute consent or permission.

**RESPONSE:** Subject to and without waiving the following objections, Everything Breaks will produce non-privileged documents in its possession, custody, and control that may be responsive to this Request under separate cover on or before November 28, 2023.

The objections that apply to this Request are as follows:

Everything Breaks objects to the definition of the term "You" as set forth more fully at Definition Objection No. 1.

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "all documents").

No responsive, non-privileged documents are being withheld on the basis of any asserted objections.

24.    For any website identified in response to the prior request, produce all access logs and error logs during the day you assert that Plaintiff or putative class members visited that website.

**RESPONSE:** Subject to the following objections, none.

The objections that apply to this Request are as follows:

Everything Breaks objects to the definition of the term "You" as set forth more fully at Definition Objection No. 1.

Everything Breaks objects to this Request to the extent it demands Everything Breaks to create documents that do not exist in contravention of well-established law. *See, e.g., Taylor v. Kilmer*, 18 CV 7403, 2020 WL 606781, at *3 (N.D. Ill. Feb. 7, 2020); *A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, 3:07CV929 WWE, 2014 WL 5859024, at *6 (D. Conn. Nov. 10, 2014); *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 924434, at *2 (D. Colo. Apr. 3, 2009); *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 168 F.R.D. 630, 633 (N.D. Ill. 1996).

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "all access logs and error logs").

No responsive documents are being withheld on the basis of any asserted objections.

26.    Produce any communications (internal or external) regarding your conversion rate or successful sale rate of leads provided by Otto. (For clarity and illustration purposes, if you called 100 leads and sold to 3 leads, your "conversion rate" or "successful sale rate" would be 3/100 = 3%.)

**RESPONSE:** Subject to the following objections, none.

The objections that apply to this Request are as follows:

Everything Breaks objects to the definition of the term "You" as set forth more fully at Definition Objection No. 1.

Everything Breaks objects to this Request to the extent it demands Everything Breaks to create documents that do not exist in contravention of well-established law. *See, e.g., Taylor v. Kilmer*, 18 CV 7403, 2020 WL 606781, at *3 (N.D. Ill. Feb. 7, 2020); *A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, 3:07CV929 WWE, 2014 WL 5859024, at *6 (D. Conn. Nov. 10, 2014); *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 924434, at *2 (D. Colo. Apr. 3, 2009); *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 168 F.R.D. 630, 633 (N.D. Ill. 1996).

Everything Breaks objects to this Request as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers were purportedly registered on the National Do Not Call Registry, without prior express written consent.

Page 18 of 20

Thus, the Request should be limited to the allegations contained in the Complaint. However, the Request does not seek to limit its scope to that alleged within the Complaint.

Everything Breaks objects to this Request as overbroad and irrelevant on its face (e.g., "conversion rate").

No responsive documents are being withheld on the basis of any asserted objections.

27.    Produce any documents that refer to, relate to, or are sufficient to determine your conversion rate or successful sale rate of leads provided by Otto.

**RESPONSE:** *See* Responses and Objections to Requests No. 26.

Dated: October **26**, 2023.                    Respectfully submitted,

PHILIP SILVESTRI
Nv. Bar No. 11276
Email: philip.silvestri@gmlaw.com
**GREENSPOON MARDER LLP**
3993 Howard Hughes Parkway, Suite 400
Las Vegas, NV 89159
Tel: (702) 978-4249

By:    */s/ Jamey R. Campellone*
JAMEY R. CAMPELLONE
Fla. Bar No. 119861
*Pro Hac Vice Anticipated*
Email: jamey.campellone@gmlaw.com
Email: gabby.mangar@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4027

*Attorneys for Everything Breaks, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this <u>**26th**</u> day of October 2023, a copy of the foregoing <u>Responses and Objections to Plaintiff's First Set of Requests for Production of Documents</u> was served via email on all attorneys of record including: **Craig K. Perry, Esq.**, 2300 W. Sahara Ave., Suite 800, Las Vegas, Nevada 89102 (cperry@craigperry.com), **Chris R. Miltenberger, Esq.**, The Law Office of Chris R. Miltenberger, PLLC, 1360 N. White Chapel, Suite 200, Southlake, Texas 76092 (chris@crmlawpractice.com), **Eric H. Weitz, Esq.** and **Max S. Morgan, Esq.**, The Weitz Firm, LLC, 1515 Market Street, #1100, Philadelphia, PA 19102 (eric.weitz@theweitzfirm.com, max.morgan@theweitzfirm.com), *Attorneys for Plaintiff.*

By: ___*/s/ Jamey R. Campellone*___
JAMEY R. CAMPELLONE

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

035

55471174v1