# EXHIBIT "C"

Defendant's December 22, 2023 Responses to Objections to Plaintiff's Third Set of Discovery

# EXHIBIT "C"

1  Phillip A. Silvestri, Esq.
   Nevada Bar No. 11276
2  phillip.silvestri@gmlaw.com
3  **GREENSPOON MARDER LLP**
   3993 Howard Hughes Pkwy., Ste. 400
4  Las Vegas, Nevada 89169
   Tel: (702) 978-4249
5  Fax: (954) 333-4256
   Jamey R. Campellone, Esq. (*Admitted Pro Hac Vice*)
6  Florida Bar No. 119861
7  jamey.campellone@gmlaw.com
   gabby.mangar@gmlaw.com
8  **GREENSPOON MARDER LLP**
   200 E. Broward Blvd., Ste. 1800
9  Ft. Lauderdale, Florida 33301
   Tel: (954) 527-6296
10 Fax: (954) 333-4296

11
                    **UNITED STATES DISTRICT COURT**
12                        **DISTRICT OF NEVADA**

13  STEPHAN CAMPBELL, *on behalf of himself*
    *and all others similarly situated*,              CASE NO.: 2:23-cv-00861
14
15          Plaintiff,

16  v.

17  EVERYTHING BREAKS, INC.,

18          Defendant.
19  _____/

20      **DEFENDANT EVERYTHING BREAKS, INC.'S RESPONSES AND
         OBJECTIONS TO PLAINTIFF'S THIRD SET OF DISCOVERY[1]**
21
22         Defendant Everything Breaks, Inc. ("Everything Breaks"), by and through the undersigned

23  attorneys and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States

24  District Court for the District of Nevada, hereby serves the attached responses and objections to the

25  Third Set of Discovery ("Interrogatories") propounded by Plaintiff Stephan Campbell ("Plaintiff"),

26  _____

27  [1] By responding to these Interrogatories, Everything Breaks does not waive its right to file a Motion to Compel
    Arbitration as a result of Plaintiff's agreement to refrain from and waiver of all rights to participate in a class
28  action, a class-wide arbitration, claims brought in a representative capacity, or consolidated claims involving
    another person's user data.

and responds as follows:

## PRELIMINARY STATEMENT

The following responses to the Interrogatories are made solely for the purpose of this action. Everything Breaks has not completed its investigation of the facts relating to this case, discovery in this action, or preparation for trial. All the responses contained herein are based only upon such information and documents that are presently available, and specifically known, to Everything Breaks. Discovery is continuing and will continue as long as permitted by rule, statute, or stipulation of the parties to this action; and the investigation of Everything Breaks' attorneys and agents will continue to and through any hearing, judicial proceedings, or trial in this action. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, which may, in turn, clarify and add meaning to know facts as well as establish entirely new factual matter, all of which may lead to substantial additions to, changes in, and variation from the contentions and responses herein set forth.

The following responses to the Interrogatories are given without prejudice to Everything Breaks' right to produce evidence of any subsequently discovered documents, facts, witnesses, or information that Everything Breaks may later discover. Everything Breaks accordingly reserves the right to change any responses contained herein as additional documents are located, facts are ascertained, analyses are made, legal research is completed, and contentions are formulated. Everything Breaks reserves the right, prior to or at the time of any hearing, judicial proceedings, or trial to introduce any evidence from any source that hereafter may be discovered and testimony of witnesses whose identities may hereafter be discovered.

The following responses to the Interrogatories are also given without prejudice to Everything Breaks' right to produce any inadvertently omitted evidence and introduce such evidence at trial. Thus, to the extent consistent with the Federal Rules of Civil Procedure, local rules, case law, or court orders,

the following responses and objections are provided without prejudice to Everything Breaks' right to produce evidence, documentary or otherwise, of any subsequently discovered facts and/or documents.

Except for facts expressly admitted herein, no incidental or implied admissions are intended hereby. The fact that Everything Breaks has answered any Interrogatory should not be taken as an admission that Everything Breaks accepts or admits the existence of any facts set forth or assumed by such Interrogatory, or that such response constitutes admissible evidence. The fact that Everything Breaks has answered part of all of an Interrogatory is not intended and shall not be construed to be a waiver by Everything Breaks of all or any part of any objection to any Interrogatory.

This Preliminary Statement is incorporated into each Interrogatory response set forth below.

### OBJECTIONS TO CERTAIN "DEFINITIONS" CONTAINED WITHIN THE INTERROGATORIES

The following objections are made with respect to certain "Definitions" contained within the Interrogatories ("Definition Objection"). The failure to refer specifically to a Definition Objection in response to a specific Interrogatory shall not be construed as a waiver of that Definition Objection. In addition, the assertion of the same, similar, or additional objection(s) in response to a specific Interrogatory does not waive any Definition Objection as set forth more fully below.

1.  Everything Breaks objects to the definition of the terms "Defendant" and "You," as set forth in the Interrogatories as overbroad and unduly burdensome in that it irrelevant and seeks to impose unreasonable discovery obligations on Everything Breaks. To the extent Everything Breaks responds to any of the Interrogatories mentioning the foregoing terms, Everything Breaks will only respond on its own behalf (not on behalf of its "past or present offices [sic], locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, join venturers, officers, directors, employees, agents, attorneys or representatives") and interprets "Defendant" and "You" to mean only Everything Breaks. Everything Breaks further objects to the definition of the foregoing terms to the extent it calls for a legal conclusion and/or legal interpretation (e.g., "joint venturers," "agents"), or

seeks to intrude upon the attorney-client communication privilege or work-produce doctrine (e.g., "attorneys or representatives"). *See generally*, *Maale v. Caicos Beach Club Charter, Ltd.*, No. 08-80131-CIV, 2010 WL 272913, *8 (S.D. Fla. Jan. 15, 2010) ("The request is ambiguous insofar as it seeks communications by the defendants 'on behalf of the Project.'"); *Starr Indem. & Liab. Co. v. CSX Transportation, Inc.*, No. 3:14-CV-1455-J-39JBT, 2015 WL 12861172, *2 (M.D. Fla. June 1, 2015) ("Although 'you' is a defined term, the definition itself, 'Plaintiff Starr Indemnity & Liability Co. a/s/o Efacec Power Transformers and any employees, agents, attorneys, representatives or other Persons acting on behalf of either or both of the foregoing' . . . is vague and unclear in this context").

2. Everything Breaks objects to the definition of the term "Describe" as overbroad and unduly burdensome in that it seeks to impose unreasonable discovery obligations on Everything Breaks.

3. Everything Breaks objects to the definition of the term "Identify" as overbroad and unduly burdensome in that it seeks to impose unreasonable discovery obligations on Everything Breaks and is beyond the scope of Federal Rule of Civil Procedure 34 (e.g., "describe what disposition was made of it and give the name, address and telephone number of the person presently having possession of, custody or control of the document."). Moreover, Everything Breaks objects to the definition of the term "Identify" as overbroad and unduly burdensome to the extent it seeks information and/or documents not in Everything Breaks' possession, custody, or control.

4. Everything Breaks objects to the definition of the term "Telemarketing" to the extent it calls for a legal conclusion and/or legal interpretation. Everything Breaks also objects to the definition of the term "Telemarketing" as vague, ambiguous, overbroad, and speculative (e.g., "that could have generated or was intended to generate leads, customers or sales for you or any franchisee of yours within the United States.").

5. Everything Breaks objects to the definition of the term "Vendor" to the extent it calls

for a legal conclusion and/or legal interpretation. Everything Breaks also objects to the definition of the term "Vendor" as vague, ambiguous, and overbroad; particularly compared to the definitions of "Defendant" and "You," which definitions include "employees," as well as with the definition of "Third party."

6. Everything Breaks objects to the "Relevant Time Period" as set forth in the Interrogatories as overbroad, vague, beyond the scope of the allegations alleged in the Complaint, and irrelevant because it is not properly limited in time or scope to the extent the "Relevant Time Period" exceeds the applicable statute of limitations.

**RESPONSES AND OBJECTIONS TO
PLAINTIFF'S THIRD SET OF DISCOVERY**

Subject to and without waiving the foregoing Objections and Definition Objections (set forth above), Everything Breaks specifically responds to the Interrogatories as follows:

11. Explain how, when, and why you obtained Plaintiff's User Data or name, address, email, telephone number and vehicle information ("Plaintiff's Lead Information"). A responsive answer will include the identity of the person or entity that sold or otherwise provided you with Plaintiff's Lead Information, the date Plaintiff's Lead Information was obtained, and why Plaintiff's Lead Information was obtained by you.

**RESPONSE**: The objections that apply to this Interrogatory continue as follows:

Everything Breaks objects to this Interrogatory that, when coupled with the other Interrogatories propounded by Plaintiff (specifically including Interrogatory No. 9), in total exceed the maximum number permitted pursuant to Federal Rule of Civil Procedure 33. *See* Fed. R. Civ. P. 33(a) ("may serve on any other party no more than 25 written interrogatories, including all discrete subparts").

Everything Breaks objects to this Interrogatory as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers were purportedly registered on the National Do Not Call Registry, without prior express written consent. Thus, the Interrogatory should be limited to the allegations contained in the Complaint. However, the Interrogatory does not seek to limit its scope to that alleged within the Complaint (e.g., requesting information related to "how, when, and why" Plaintiff's Lead Information was obtained).

12. For the person or entity that sold or otherwise provided you with Plaintiff's Lead Information, identify the total number of Leads obtained from that person or entity during the relevant time period.

**RESPONSE:** The objections that apply to this Interrogatory continue as follows:

Everything Breaks objects to this Interrogatory that, when coupled with the other Interrogatories propounded by Plaintiff (specifically including Interrogatory No. 9), in total exceed the maximum number permitted pursuant to Federal Rule of Civil Procedure 33. *See* Fed. R. Civ. P. 33(a) ("may serve on any other party no more than 25 written interrogatories, including all discrete subparts").

Everything Breaks objects to this Interrogatory as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers were purportedly registered on the National Do Not Call Registry, without prior express written

consent. Thus, the Interrogatory should be limited to the allegations contained in the Complaint. However, the Interrogatory does not seek to limit its scope to that alleged within the Complaint (e.g., "the total number of Leads obtained").

Everything Breaks objects to the definition of the term "Identify" as set forth more fully at Definition Objection No. 3.

13.    For the person or entity that sold or otherwise provided you with Plaintiff's Lead Information, identify the total number of Leads obtained from that person or entity during the relevant time period that originated with the website ottoinsurance.com.

**RESPONSE:** The objections that apply to this Interrogatory continue as follows:

Everything Breaks objects to this Interrogatory that, when coupled with the other Interrogatories propounded by Plaintiff (specifically including Interrogatory No. 9), in total exceed the maximum number permitted pursuant to Federal Rule of Civil Procedure 33. *See* Fed. R. Civ. P. 33(a) ("may serve on any other party no more than 25 written interrogatories, including all discrete subparts").

Everything Breaks objects to this Interrogatory as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers were purportedly registered on the National Do Not Call Registry, without prior express written consent. Thus, the Interrogatory should be limited to the allegations contained in the Complaint. However, the Interrogatory does not seek to limit its scope to that alleged within the Complaint (e.g., "total number of Leads obtained").

Everything Breaks objects to the definition of the term "Identify" as set forth more fully at Definition Objection No. 3.

14. Identify all Leads or User Data obtained from the person or entity identified in response to Interrogatory No. 12 for the relevant time period. For each Lead or User Data, identify the following information:

a) name;

b) address;

c) email address; and

d) telephone number.

**RESPONSE:** The objections that apply to this Interrogatory continue as follows:

Everything Breaks objects to this Interrogatory that, when coupled with the other Interrogatories propounded by Plaintiff (specifically including Interrogatory No. 9), in total exceed the maximum number permitted pursuant to Federal Rule of Civil Procedure 33. *See* Fed. R. Civ. P. 33(a) ("may serve on any other party no more than 25 written interrogatories, including all discrete subparts").

Everything Breaks objects to this Interrogatory as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers were purportedly registered on the National Do Not Call Registry, without prior express written consent. Thus, the Interrogatory should be limited to the allegations contained in the Complaint. However, the Interrogatory does not seek to limit its scope to that alleged within the Complaint (e.g., "Identify all Leads or User Data obtained . . .").

Everything Breaks objects to this Interrogatory to the extent it demands Everything Breaks to create documents that do not exist in contravention of well-established law. *See, e.g., Taylor v. Kilmer*, 18 CV 7403, 2020 WL 606781, at *3 (N.D. Ill. Feb. 7, 2020); *A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, 3:07CV929 WWE, 2014 WL 5859024, at *6 (D. Conn. Nov. 10, 2014); *Georgacarakos v. Wiley*, 07-CV-01712-MSK-MEH, 2009 WL 924434, at *2 (D. Colo. Apr. 3, 2009); *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 168 F.R.D. 630, 633 (N.D. Ill. 1996).

Everything Breaks objects to this Interrogatory as overbroad on its face (e.g., "Identify all Leads or User Data obtained . . .").

Everything Breaks objects to the definition of the term "Identify" as set forth more fully at Definition Objection No. 3.

15. Explain how you obtain User Data or Leads that originate with the website ottoinsurance.com and how the User Data or these Leads are contacted or called on your behalf. A responsive answer will include a description of how User Data or lead information is obtained (e.g., via email, API, data transfer, file share, etc.) and how that User Data lead information is provided to any third party that places calls on your behalf (e.g., via email, API, data transfer, file share, etc.).

**RESPONSE:** The objections that apply to this Interrogatory continue as follows:

Everything Breaks objects to this Interrogatory that, when coupled with the other Interrogatories propounded by Plaintiff (specifically including Interrogatory No. 9), in total exceed the maximum number permitted pursuant to Federal Rule of Civil Procedure 33. *See* Fed. R. Civ. P. 33(a) ("may serve on any other party no more than 25 written interrogatories, including all discrete subparts").

Everything Breaks objects to this Interrogatory as vague, irrelevant, not proportional to the needs of this Action, overbroad, and unduly burdensome in that it is not reasonably limited in scope or time frame. Plaintiff filed a Complaint alleging violations of the TCPA by placing telemarketing calls to Plaintiff's and the class's residential telephone numbers, which residential telephone numbers were purportedly registered on the National Do Not Call Registry, without prior express written consent. Thus, the Interrogatory should be limited to the allegations contained in the Complaint. However, the Interrogatory does not seek to limit its scope to that alleged within the Complaint (e.g., "Explain how you obtain User Data or Leads . . .").

Dated: December **22**, 2023.                    Respectfully submitted,

                PHILIP SILVESTRI
                Nv. Bar No. 11276
                Email: philip.silvestri@gmlaw.com
                **GREENSPOON MARDER LLP**
                3993 Howard Hughes Parkway, Suite 400
                Las Vegas, NV 89159
                Tel: (702) 978-4249

By:  */s/ Jamey R. Campellone*
      JAMEY R. CAMPELLONE
      Fla. Bar No. 119861
      *Pro Hac Vice Anticipated*
      Email: jamey.campellone@gmlaw.com
      Email: gabby.mangar@gmlaw.com
      **GREENSPOON MARDER LLP**
      200 East Broward Blvd., Suite 1800
      Fort Lauderdale, Florida 33301
      Tel: (954) 527-6296
      Fax: (954) 333-4027

      *Attorneys for Everything Breaks, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **22nd** day of December 2023, a copy of the foregoing Responses and Objections to Plaintiff's Third Set of Discovery Requests was served via email on all attorneys of record including: **Craig K. Perry, Esq.**, 2300 W. Sahara Ave., Suite 800, Las Vegas, Nevada 89102 (cperry@craigperry.com), **Chris R. Miltenberger, Esq.**, The Law Office of Chris R. Miltenberger, PLLC, 1360 N. White Chapel, Suite 200, Southlake, Texas 76092 (chris@crmlawpractice.com), **Eric H. Weitz, Esq.** and **Max S. Morgan, Esq.**, The Weitz Firm, LLC, 1515 Market Street, #1100, Philadelphia, PA 19102 (eric.weitz@theweitzfirm.com, max.morgan@theweitzfirm.com), *Attorneys for Plaintiff*.

By: */s/ Jamey R. Campellone*
 JAMEY R. CAMPELLONE

## VERIFICATION PAGE

By: _____

Print Name: _____

Title: _____

STATE OF _____ )
                                ) SS:
COUNTY OF _____ )

**BEFORE ME**, the undersigned authority, duly licensed to administer oaths and take acknowledgments, personally appeared _____, who being by me first duly sworn, deposes and says that he has read the foregoing answers to interrogatories, and that they are true and correct to the best of his knowledge.

**SWORN TO AND SUBSCRIBED** before me this _____ day of _____, 2023.

_____

Notary Public, State of _____

My Commission Expires: _____