Craig K. Perry
Nevada Bar No. 3786
CRAIG K. PERRY & ASSOCIATES
2300 W. Sahara Avenue, #800
Las Vegas, NV 89102
Telephone: (702) 228-4777
Facsimile: (702) 943-7520
cperry@craigperry.com

Chris R. Miltenberger, Esquire
The Law Office of Chris R. Miltenberger, PLLC
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com
*Pro Hac Vice*

Max S. Morgan, Esquire
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
*Pro Hac Vice*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| STEPHAN CAMPBELL, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>EVERYTHING BREAKS, INC.,<br><br>Defendant. | Case No.: 2:23-cv-00861-GMN-EJY<br><br>**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

**TO THE COURT, EACH PARTY AND THEIR ATTORNEY OF RECORD:**

Plaintiff Stephan Campbell ("Plaintiff"), individually and as representative of the proposed Settlement Class, by and through his attorneys of record, hereby files this Motion to Certify Class and for Final Approval of Class Action Settlement.

## I.    INTRODUCTION

Following over a year of contested litigation, the parties agreed to resolve this Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, class action.  In short, Defendant Everything Breaks, Inc. ("Defendant") will create a non-reversionary, all-cash common fund in the amount of $995,000 ("Settlement") to be distributed to 2,240 Settlement Class Members.  Each participating Settlement Class Member stands to receive approximately $271.73.[1]  This is a great result in light of the risks and uncertainties associated with continued litigation.  It also takes advantage of an available insurance policy that would otherwise be depleted with continued litigation, making any future recovery questionable.

This Court preliminarily approved the Settlement on December 12, 2024.  *See* ECF No. 61.  Thereafter, a very experienced class administrator—Verita Global, LLC ("Verita")—sent the Court-approved notice by email and U.S. Mail to potential class members.  In addition, Verita published notice of the settlement on a dedicated website, www.campbelltcpasettlement.com.  No objections were made to the Settlement, and only one person was excluded from it.[2]  Moreover, no objections resulted from notice provided to governmental agencies under the Class Action Fairness Act ("CAFA"). In light of the Settlement's considerable benefits and the lack of

---

[1] This expected per-claimant recovery accounts for the expected notice and administration costs, an award of attorneys' fees, costs, and litigation expenses, and a service award. *See* ECF No. 65. The per-claimant recovery may change slightly if additional late claims are received or if any claims are subsequently discovered to be invalid.

[2] The objection and exclusion deadline was March 25, 2025.  ECF No. 61 at 5.

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
CASE NO. 2:23-CV-00861

opposition from Defendant or any Settlement Class Members, Plaintiff respectfully submits that this Court should finally approve the Settlement.

## II.    Summary of the Settlement

The Settlement Class resolves this matter on behalf of the following class ("Settlement Class"):

> All persons in the United States who, (a) during the Class Period, (1) received two or more telephone solicitation calls made by or on behalf of Defendant on a telephone number that appears on the National Do Not Call Registry for at least 31 days at the time of the calls, or (2) received two or more telemarketing calls in a 12-month period, with at least one being received after being marked as "DNC", "Do Not Call", or "Already Covered" in Defendant's records, (b) where the telephone number appears on EBI_000029 or EBI_000030, and (c) where the telephone number was obtained by Defendant in the same manner Defendant obtained Plaintiff's telephone number.

Each participating Settlement Class Member will receive an equal share from the non-reversionary, all-cash, $995,000 common fund ("Settlement Fund"), after deducting the cost of notice to potential Settlement Class Members and claims administration, litigation costs and expenses, for which Plaintiff's counsel petitioned this Court (see ECF No. 65), attorneys' fees, calculated as a percentage of the Settlement Fund, for which Plaintiff's counsel petitioned this Court (*id*.), and an incentive award to Plaintiff, for which he petitioned this Court (*id*.) (collectively, "Expenses"). It is expected that each participating Settlement Class Member will receive approximately $271.73.

## III.    Class Notice, Claims, and Exclusion

Verita successfully delivered notice to potential Settlement Class Members in accordance with this Court's Preliminary Approval Order. *See* Declaration of Vanessa Santacruz ("Santacruz Dec."), attached as Exhibit A.

*Direct Mail and Email Notice*: After performing reverse telephone number look-ups on the telephone numbers belonging to potential Settlement Class Members as identified and provided by Defendant, Verita delivered direct mail notice, via U.S. Mail and e-mail, to potential Settlement Class Members, which included summary notice of the settlement. *See id.,* ¶¶ 6-16.

*Publication and Settlement Website*: In addition, Verita established, published and maintains a website dedicated to the settlement—http://www.campbellTCPAsettlement.com/—that includes information pertinent to Settlement Class Members such as court filings, as well as answers to frequently asked questions. *Id*., ¶ 17. Settlement Class Members were able to view case documents, notice documents and submit claims via the settlement website. *Id*. As of May 15, 2025, there were 33,677 users, 39,196 active visits to the website and 138,792 page views.

*Toll-Free Information Line*: Verita established and maintains a toll-free telephone number—(888) 726-1345—for Settlement Class Members to obtain information about the Settlement. *Id*., ¶ 18.

*Claims*: As of May 20, 2025, 2,240 claims were received by Verita. *Id*., ¶ 19.

*Exclusion*: An exclusion request was submitted on behalf of one (1) person. *Id.,* ¶¶ 22-23.

*No objections*: No Settlement Class Members objected to the Settlement, nor did any government official. *Id*., ¶¶ 5, 20-21.

## IV. ARGUMENT

### A. This Court should confirm its certification of the Settlement Class under Rule 23 for settlement purposes.

This Court previously certified the Settlement Class for settlement purposes. *See* ECF No. 61. Because nothing has changed in the interim warranting a departure from the Court's reasoning, Plaintiff respectfully submits that this Court should confirm its certification of the Settlement Class for settlement purposes.

**B.** **The Settlement should be finally approved by the Court because it is fair, reasonable and adequate under Rule 23(e).**

Settlements are favored, particularly in the class action context. *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) ("[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."). Courts recognize that a settlement approval hearing should not "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 964 (9th Cir. 2009).

Proposed class action settlements are not effective unless approved by the Court. Fed. R. Civ. P. 23(e). A court may finally approve a class action settlement "only after a hearing and only on finding that [the settlement] . . . is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). Approval of a settlement is committed to the district court's sound discretion. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

> Assessing a settlement proposal requires the district court to balance a number of factors: [1] the strength of the plaintiffs' case; [2] the risk, expense, complexity and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed and the stage of proceedings; [6] the experience and views of counsel; [7] the presence of a government participant; and [8] the reaction of the class members to the proposed settlement.

*Id. See also Kim v. Allison,* 8 F.4th 1170, 1178 (9th Cir. 2021)*; Staton v. Boeing Co.,* 327 F.3d 938, 959 (9th Cir. 2003)*; Officers for Justice v. Civil Serv. Comm'n of S.F.,* 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list"). Applying the relevant factors here confirms that the Settlement is fair, reasonable and adequate and should be finally approved.

### 1. The Strength of the Lawsuit and the Risk, Expense, Complexity, and Likely Duration of Further Litigation

"An important consideration in judging the reasonableness of a settlement is the strength of the plaintiff's case on the merits balanced against the amount offered in the settlement." *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (E.D. Cal. 2010) (internal quotation marks omitted). "[U]nless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004). This factor generally weighs in favor of approval when a plaintiff must overcome barriers to make their case. *See Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010).

Plaintiff is confident in the strength of his case but also pragmatic about the risks inherent in litigation and Defendant's various defenses.  For example, the issue of consent was hotly contested in the case, and if Defendant was successful with respect to its consent defense, the class could receive nothing.  *See Ikuseghan v. Multicare Health Sys.*, No. 14-cv-05539, 2016 WL 3976569, at *3 (W.D. Wash. July 25, 2016) (approving TCPA settlement and explaining "[h]ad . . . the consent issue been decided against the Class, the Class would likely get nothing.").[3]  Plaintiff had multiple hurdles to clear before any recovery, such as class certification and likely summary judgment motions.  Litigating this case to trial and through any appeals would be expensive and time-consuming and would present significant risk to both parties. There are two recent examples of TCPA cases where a certified class prevailed at trial but the cases dragged on through lengthy appeals. *See Krakauer v. DISH Network*, 925 F.3d 643 (4th Cir. 2019) (affirming judgment for

---

[3] *See also Wright v. Nationstar Mortg. L.L.C.*, No. 14 C 10457, 2016 WL 4505169, at *10 (N.D. Ill. Aug. 29, 2016) ("In light of the potential difficulties at class certification and on the merits . . . the time and extent of protracted litigation, and the potential of recovering nothing, the relief provided . . . in the Settlement Agreement represents a reasonable compromise.").

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
CASE NO. 2:23-CV-00861

5

Class); *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109 (9th Cir. 2022) (vacating judgment on due process grounds and remanding for further proceedings).

Finally, even if Plaintiff and the class members won at trial, the costs of litigation would have significantly depleted the available insurance policy and would likely render Defendant insolvent, leading to minimal or no payments for any of the class members. *See Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1295 (9th Cir. 1992) ("a settling defendant's ability to pay may be a proper factor to be considered in evaluating a proposed class action settlement"). The high per-Settlement Class Member payment compared to the risks of further litigation supports approval.

### 2. The Amount Offered in Settlement

As discussed above, the Settlement Agreement requires Defendant to create a non-reversionary, all-cash common fund in the amount of $995,000. This is an excellent result for the Class. Once expenses, a service award, and attorneys' fees and costs are paid, the remainder of the Settlement Fund – approximately $620,000 – will be distributed to each Settlement Class Member who submitted a valid claim form. Class Counsel estimates that each eligible claimant will receive approximately $271.73. The payment amounts that eligible claimants will receive are significantly higher than in numerous approved TCPA settlements. *See, e.g*., *Estrada v. iYogi, Inc.*, No. CV21301989WBSCKD, 2016 U.S. Dist. LEXIS 8947 (E.D. Cal. Jan. 26, 2016) (approving TCPA settlement where claimants estimated to receive $40); *Bayat v. Bank of the W.*, No. C-13-2376 EMC, 2015 U.S. Dist. LEXIS 50416 (N.D. Cal. Apr. 15, 2015) (approving TCPA settlement where claimants would receive approximately $151); *Steinfeld v. Discover Fin. Servs.,* No. C 12-01118, Dkt. No. 96 at ¶ 6 (N.D. Cal. Mar. 10, 2014) (claimants received $46.98)*; Adams v. AllianceOne Receivables Mgmt., Inc.,* No. 3:08-cv-00248-JAH-WVG, Dkt. No. 137 (S.D. Cal. Sept. 28, 2012) (claimants received $40)*; Kramer v. Autobytel, Inc., et al.,* No. 10-cv-2722, Dkt. 148 (N.D. Cal. 2012) (approving TCPA settlement providing for a cash payment of $100 to each class member)*.

The Settlement constitutes an objectively favorable result and outweighs the mere possibility of some future relief after protracted litigation.

### 3. The Extent of Discovery Completed

"The extent of the discovery conducted to date and the stage of the litigation are both indicators of [Class] Counsel's familiarity with the case and of Plaintiffs having enough information to make informed decisions." *Jimenez v. Allstate Ins. Co.*, No. 10-cv-08486-JAK (FFMx), 2020 U.S. Dist. LEXIS 258767, at *8 (C.D. Cal. May 1, 2020) (citation omitted).  Here, the parties entered into the Settlement after both sides were fully apprised of the facts, risks and obstacles of continued litigation and after a sufficient opportunity to conduct discovery. *See* ECF No. 60-2 at ¶¶ 20-29.  Plaintiff pursued discovery from Defendant, as well as various third parties pursuant to Rule 45 subpoenas. As a result of those efforts, Defendant produced its calling records showing all calls it placed to telephone numbers it received from the same source as it obtained Plaintiff's telephone number, as well as disposition codes relevant to do not call requests. *Id.* at ¶ 29. Plaintiff also obtained the status of telephone numbers with respect to their inclusion on the National Do Not Call Registry and when those numbers were added.  *Id*.  The parties thus were well informed and in a position to negotiate a resolution for class members.

Plaintiff likewise responded to written discovery and produced documents. *Id.* at ¶ 24. Plaintiff also filed a motion to compel against Defendant, which was granted in part. *Id.* at ¶ 21. Thus, the Parties exchanged and obtained more than enough information to make an informed decision about settlement.  *See Linney v. Cellular Alaska P'ship,* 151 F.3d 1234, 1239 (9th Cir. 1988) ("'[F]ormal discovery is not a necessary ticket to the bargaining table where the parties have sufficient information to make an informed decision about settlement.'")

### 4. The Experience and Views of Counsel.

The Ninth Circuit has declared that "[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *Rodriguez v. W. Pbl'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (quoting *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)). It is the judgment of Class Counsel experienced in TCPA class action litigation that this settlement is fair, reasonable, and adequate, benefiting all Settlement Class Members who did not validly exclude themselves from the Settlement. *See* ECF No. 60-2. *See also Kirkorian v. Borelli,* 695 F.Supp. 446 (N.D. Cal.1988) (opinion of experienced counsel carries significant weight in the court's determination of the reasonableness of the settlement); *Boyd v. Bechtel Corp.,* 485 F.Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiffs' counsel should be given a presumption of reasonableness).

Given the estimated per claimant recovery of $269 compared to other TCPA class action settlements, this Settlement constitutes an objectively favorable result.

### 5. Positive Reaction of Settlement Class

"[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1043 (N.D. Cal. 2008) (quoting *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004)). Here, no objections were received and only one individual opted out of the Settlement. This indicates a very positive reaction to the Settlement by the Settlement Class Members. *See, e.g. Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 577 (9th Cir. 2004) (holding that approval of a settlement that received 45 objections (0.05%) and 500 opt-outs (0.56%) out of 90,000 class members was proper).

### C.  The remining Rule 23(e)(2) factors support final approval.

Finally, consideration of the factors set forth in Rule 23(e) likewise supports final approval of the Settlement. More specifically, Rule 23(e)(2) requires courts to consider whether (A) the class representative and class counsel have adequately represented the class; (B) the proposal was

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
CASE NO. 2:23-CV-00861

negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)[4]; and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

Several of these factors—such as whether the relief provided to the Settlement Class is adequate—are subsumed within the factors discussed above. Beyond that, Plaintiff was, through this matter, committed to acting in the best interests of Settlement Class Members and stayed updated on the case through regular discussions with his counsel. *See* ECF No. 65-2. He also reviewed the pleadings, regularly communicated with counsel regarding case strategy, responded to Defendant's discovery requests and made all necessary decisions required of him in the best interests of Settlement Class Members. *Id.*

The Settlement was also negotiated at arm's length between experienced counsel. *See Mercer v. Caesars Ent., Inc.*, No. 2:23-cv-00958, 2024 U.S. Dist. LEXIS 181920, at *5-6 (D. Nev. Oct. 2, 2024) ("The Court further finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of both sides, which supports approval of the Settlement . . . .") It was also reviewed and approved by a third-party insurance carrier. *See* ECF No. 60-2 at ¶ 31.

The proposed attorneys' fee requested by Class Counsel is calculated as a percentage of the Settlement fund and there was no collusion. *See* ECF No. 65. The Ninth Circuit has identified "red flags" that may suggest plaintiff's counsel allowed pursuit of their own self-interest to infect

---

[4] The only operative agreement between the parties is the Settlement Agreement. *See* ECF No. 60-1.

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

settlement negotiations, including when counsel receive a disproportionate portion of the settlement, the parties agree to a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds, or the parties agree that any fees not awarded will revert to defendants rather than be added to the class fund. *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 569 (9th Cir. 2019). None of these "red flags" are present in the Settlement. Because Class Counsel will be paid from the same Settlement Fund as Settlement Class Members, their incentives are aligned to preserve the available settlement funds and maximize any settlement fund. Both Defendant and Settlement Class Members were free to object to Class Counsel's request, and Class Counsel's motion for fees was available on the Settlement website throughout the claims, opt-out, and objection period and no objections were received. Class Counsel requests a reasonable fee, as explained in their motion. *See* ECF No. 65. Rule 23(e)(2)(C)(iii) therefore favors approval.

Rule 23(e)(2)(D) requires that this Court confirm that a settlement treats all class members equitably. According to the Advisory Committee's Note, courts should consider "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e), advisory committee's note (2018).

To that end, all Settlement Class Members have the same legal claims, and each participating Settlement Class Member thus will be treated equitably, as he or she will receive an equal portion of the Settlement Fund after deducting the Expenses. Moreover, the release affects each Settlement Class Member in the same way, as everyone will release the same claims. As such, this factor supports approval.

**D.    The notice program complied with Rule 23 and due process.**

Pursuant to Rule 23(e), this Court "direct[ed] notice to be given as set forth" in its order preliminarily approving the Settlement. *See* ECF No. 61 at 2.

To that end, and as explained in the Santacruz Declaration, Verita used reasonable efforts to provide direct notice to potential Settlement Class Members.  To start, Veria performed a reverse lookup process for those telephone numbers identified by Defendant to ascertain the names, email addresses, and postal addresses of potential Settlement Class Members.  Verita then ran name and address information through the National Change of Address system, which updates addresses for all people who submitted a change of address with the U.S. Postal Service within the past four years.  Verita then sent direct notice by email and postcard, with claim form, to potential Settlement Class Members, where possible.

Verita also established a dedicated settlement website, through which Settlement Class Members could review relevant documents, review the question-and-answer notice, and submit claims.  In addition, Verita established a toll-free telephone number so that Settlement Class Members could ask questions or obtain additional information.

As a result of this notice program, 2,240 Settlement Class Members submitted claims deemed to be valid.  Only one person was excluded from the Settlement.

The notice program, which is industry standard in TCPA class actions like this one, complies with Rule 23 and due process.  *See Bonoan v. Adobe, Inc.*, No. 3:19-CV-01068-RS, 2020 U.S. Dist. LEXIS 189558, at *6 (N.D. Cal. Oct. 9, 2020).

**V.    CONCLUSION**

Plaintiff respectfully requests that this Court enter the accompanying proposed Final Judgment and Order of Dismissal.

Dated: May 21, 2025                           Respectfully submitted,

                                              /s/ Chris R. Miltenberger
                                              Chris R. Miltenberger, Esquire
                                              The Law Office of Chris R. Miltenberger,
                                              PLLC
                                              1360 N. White Chapel, Suite 200
                                              Southlake, Texas 76092-4322
                                              817-416-5060 (office)
                                              817-416-5062 (fax)
                                              chris@crmlawpractice.com

                                              Max S. Morgan, Esquire
                                              THE WEITZ FIRM, LLC
                                              1515 Market Street, #1100
                                              Philadelphia, PA 19102
                                              Tel: (267) 587-6240
                                              Fax: (215) 689-0875
                                              max.morgan@theweitzfirm.com

                                              Craig K. Perry
                                              Nevada Bar No. 3786
                                              CRAIG K. PERRY & ASSOCIATES
                                              6210 N. Jones Blvd. #753907
                                              Las Vegas, Nevada 89136-8985
                                              Telephone: (702) 228-4777
                                              Facsimile: (702) 943-7520
                                              cperry@craigperry.com


## CERTIFICATE OF CONFERENCE

I certify that I conferred with Sean Flynn, counsel for Defendant, and he stated that Defendant does not anticipate filing an opposition to this motion but, due to time restraints, is not able to provide a substantive response prior to the filing of the motion.


                                   BY:    /s/ Chris R. Miltenberger
                                          Chris R. Miltenberger

1

## **CERTIFICATE OF SERVICE**

2

I certify that on the date below I electronically filed the foregoing document and that it is

3

available for viewing and downloading from the Court's CM/ECF system, and that all

4

participants in the case are registered CM/ECF users and that service will be accomplished by

5

the CM/ECF system.

6

7              BY:    /s/ *Chris R. Miltenberger*
                       Chris R. Miltenberger

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28