**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| STEPHAN CAMPBELL, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>EVERYTHING BREAKS, INC.,<br><br>Defendant. | Case No.: 2:23-cv-00861-GMN-EJY |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter is before the Court on the Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, and Incentive Awards [ECF No. 65] and Unopposed Motion for Final Approval of Class Action Settlement [ECF No. 66]. The Court held a Final Approval Hearing on June 4, 2025, after notice of the Final Approval Hearing was given in accordance with this Court's Order Conditionally Certifying Class and Preliminarily Approving Settlement [ECF No. 61] ("Preliminary Approval Order"). The Court has carefully considered all matters submitted to it at the Final Approval Hearing and otherwise and will grant the motions.

The Court hereby finds, concludes, and orders as follows:

1. The Settlement Agreement and Release, including its exhibits, fully executed on September 5, 2024 ("Agreement"), and the definitions contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order [ECF No. 61] are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties pursuant to 28 U.S.C. § 1332, including all members of the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order.

3. The "Settlement Class" means: " All persons in the United States who, during the Class Period, (1) received two or more telephone solicitation calls made by or on behalf of

1

Defendant, (2) on a telephone number that appears on the National Do Not Call Registry for at least 31 days at the time of the calls, (3) where the telephone number appears on EBI_000029 or EBI_000030 and was obtained by Defendant in the same manner Defendant obtained Plaintiff's telephone number." Excluded from the Settlement Class are all judges assigned to the Action and their clerks and staff.

4. The Court has received and considered zero (0) objections to the settlement.

5. The Agreement is the product of arm's-length settlement negotiations between the Plaintiff and Class Counsel, on the one hand, and Everything Breaks and Everything Breaks' Counsel, on the other hand.

6. Class Notice was disseminated to members of the Settlement Class through the Settlement Administrator in accordance with the terms set forth in the Agreement and this Court's Preliminary Approval Order [ECF No. 61] and January 25, 2025 Order [ECF No. 63].

7. The Notice Program and claims submission procedures fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process and constitute the best notice practicable under the circumstances. The Notice Program provided individual notice to all members of the Settlement Class who could be identified through reasonable effort and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

8. This notice provided by Everything Breaks pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

9. The Settlement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure and directs its consummation pursuant to its terms and conditions.

The Plaintiff, in his role as Class Representative, and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement. Accordingly the Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. The Parties and Settlement Class Members who were not excluded from the Settlement Class are bound by the terms and conditions of the Agreement.

10. The Court approves Class Counsel's application for attorneys' fees of $248,750 (representing 25% of the $995,000.00 Settlement Fund), which the Court finds to be fair and reasonable under the particular circumstances in this case. Additionally, Class Counsel is hereby awarded $6,574.34 in costs of litigation. The award of attorneys' fees and litigation costs are to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement. Additionally, the Court concludes that Verita's administrative costs of $126,000 were reasonable incurred for the benefit of the class. Accordingly, the administrative costs of $126,000 are hereby awarded, such amount to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

11. The Court finds the payment of service award in the amount of $5,000 to the Settlement Class Representative is fair and reasonable. Accordingly, the Settlement Class Representative is hereby awarded $5,000, such amount to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

12. The Settlement Class described in paragraph 3 above is hereby finally certified, solely for purposes of effectuating the Settlement and this Order and Final Judgment.

13. The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes, for the reasons set forth herein. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims of the Class Representative is typical of the claims of the Settlement Class; the Class

Representative will fairly and adequately protect the interests of the class; the questions of law or fact common to class members predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Settlement Class Members and Everything Breaks.

14. This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Agreement, the Action.

15. The Claims Administrator is directed to distribute the consideration to the Settlement Class pursuant to the terms of the Agreement.

16. Plaintiff and each and every one of the non-excluded Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims as provided for in the Agreement.  In addition, any rights of the Settlement Class Representative and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code (and any other similar, comparable, or equivalent laws) are hereby terminated.

17. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.  This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Judgment and Order of Dismissal, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its

judgments. However, Settlement Class members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

18. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by Everything Breaks, or of the truth of any of the claims asserted by Plaintiff.

19. In the event that any provision of the Settlement or this Final Judgment and Order of Dismissal is asserted by Everything Breaks as a defense in whole or in part to any Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Agreement, this Order and this Court's authority to effectuate the Settlement and are ordered in aid of this Court's jurisdiction and to protect its judgment.

20. By incorporating the Agreement and its terms herein, the Court determines that

this Final Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

21. Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of Dismissal shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Court orders that, upon the Effective Date, the Settlement shall be the exclusive remedy for any and all Released Claims or Plaintiff and each and every Settlement Class Member. The Clerk of the Court is directed to enter this Order on the docket forthwith.

22. If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Settlement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Settlement.

23. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement.

24. Any unused settlement funds will be distributed as delineated in the Settlement Agreement. Within 6 months of the date of this order, the parties will file a Joint Status Report informing the Court about what was done with any unused settlement funds.

25. The Court retains jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Agreement and the Settlement, which includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar on and injunction against prosecution of any and all Released Claims.

**IT IS SO ORDERED.**

Dated this __4__ day of June, 2025.

_____
Gloria M. Navarro, District Judge,
United States District Court